340 So.2d 132 (1976)
Ernest Wayne TURNER, Petitioner,
v.
STATE of Florida, Respondent.
No. 76-1395.
District Court of Appeal of Florida, Second District.
December 17, 1976.
James A. Gardner, Public Defender, Sarasota, and Nevin A. Weiner, Asst. Public Defender, Bradenton, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We grant herein our gracious common law writ of certiorari.
Petitioner and two codefendants were charged by an information with burglary of a structure in violation of Section 810.02, Florida Statutes (1975). The public defender's office was appointed to represent all three codefendants. After interviewing the three defendants, the public defender's office filed a motion to be relieved as counsel for petitioner because of a conflict of interest between the defense of petitioner and one of the other codefendants. The trial court denied the motion on the ground that separate attorneys within the public defender's office could properly represent the codefendants.
*133 The Sixth Amendment guarantee of the assistance of counsel includes the right to counsel whose loyalty is not divided between clients with conflicting interests. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Baker v. State, 202 So.2d 563 (Fla. 1967); Marshall v. State, 273 So.2d 412 (Fla.2d DCA 1973). It is immaterial whether such counsel is appointed by the court or selected by the defendant. Craig v. United States, 217 F.2d 355 (6th Cir.1954), but in the case of appointed counsel it is especially important for the court to determine that no prejudice will result from multiple representation. United States v. Gougis, 374 F.2d 758 (7th Cir.1967).
Furthermore, this guarantee contemplates that members of the same firm cannot represent conflicting interests. The concept is articulated in the Disciplinary Rules of Canon 5, Florida Code of Professional Responsibility:
"DR 5-105 [In re: Clients' Conflicting Interests]
(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client... .
* * * * * *
(D) If a lawyer is required to decline employment or to withdraw from employment under DR 5-105, no partner or associate of his or his firm may accept or continue such employment."
We view the public defender's office of a given circuit as a "firm" within the discipline of this canon. See also Allen v. District Court, 519 P.2d 351 (Colo. 1974); Commonwealth v. Bracey, 224 Pa.Super. 294, 307 A.2d 320 (1973).
Accordingly, certiorari is granted. The order under review should be, and it is hereby, quashed and the cause is remanded for further proceedings not inconsistent herewith.
McNULTY, C.J., and HOBSON and BOARDMAN, JJ., concur.