345 So.2d 837 (1977)
James Theodore ROBERTS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 76-2068.
District Court of Appeal of Florida, Third District.
May 3, 1977.
Bennett H. Brummer, Public Defender, and Paul Morris, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for respondent.
*838 Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
NATHAN, Judge.
This petition for writ of certiorari seeks review of the trial court's denial of a motion to withdraw filed by the assistant public defender representing James Theodore Roberts, defendant herein, on the basis of a potential conflict created by the State's having subpoenaed another assistant public defender to testify in the defendant's sentencing hearing.
The record reflects that Roberts was charged by information with burglary, tried by jury, found guilty and convicted. He was represented by the public defender throughout the proceedings. Presentence reports were submitted to the court and a sentencing hearing was scheduled. The State filed a notice seeking to have Roberts declared an habitual offender under Section 775.084, Florida Statutes, and subpoenaed assistant public defender Snyder to testify that she represented Roberts in prior criminal proceedings which resulted in felony convictions.
Assistant public defender Kershaw, representing Roberts in the current proceedings, moved the trial judge to permit him to withdraw as counsel. His argument was that to compel him to represent Roberts while Snyder testified against Roberts would be a violation of Disciplinary Rules 5-101(B), 5-102(A) and 5-102(B), of the Florida Code of Professional Responsibility. The court inquired of the State whether it would be possible to identify Roberts as the person previously convicted, by some means other than Snyder's testimony, but was advised that such identification would be "convoluted." The court denied Kershaw's motion to withdraw and stated that Snyder would be permitted to testify. The defendant then filed this petition for writ of certiorari.
Disciplinary Rule 5-101(B), from Canon 5 of the Florida Code of Professional Responsibility, cited above, provides:
"(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
(1) If the testimony will relate solely to an uncontested matter.
(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony."
[(3) and (4) are inapplicable.]
Disciplinary Rule 5-102 provides that if, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm
"(A) ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial, and his firm, if any, shall not continue representation in the trial except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4)."
"(B) may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."
We find the case of Turner v. State, 340 So.2d 132 (Fla.2d DCA 1976), to be controlling. That case concerns representation by the public defender's office of co-defendants with conflicting interests, and holds that the public defender's office of a given circuit is a "firm" within the discipline of Canon 5.
In our opinion, under the facts presented in the instant case, the trial court departed from the essential requirements of law by refusing to permit assistant public defender Kershaw to withdraw as counsel for Roberts in the sentencing proceedings and in refusing to appoint special counsel to represent him, where the State intended to rely on the testimony of another attorney from the same "firm," the public defender's *839 office, for the purpose of increasing the sentence.
Accordingly, the writ of certiorari is granted. The ruling under review is hereby quashed and the cause is remanded for further proceedings consistent with this opinion.