380 So.2d 421 (1980)
James ADAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 58519.
Supreme Court of Florida.
January 23, 1980.
Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This cause is before this Court at the instance of the public defender of the Fifteenth Judicial Circuit on behalf of James Adams to review an order of the trial judge of the Nineteenth Judicial Circuit as it relates to the appointment of counsel for James Adams in a post conviction motion for relief.
The petitioner has been convicted of first degree murder and has been sentenced to death. For that reason we have jurisdiction.[1] His execution is scheduled for the week beginning noon February 8, 1980. Adams was convicted in the Nineteenth Judicial Circuit. He was represented at the trial by the office of the public defender of the Nineteenth Judicial Circuit. His appeals, however, have been handled by the office of the public defender of the Fifteenth Judicial Circuit.
*422 On November 1, 1979, the public defender of the Fifteenth Judicial Circuit filed on behalf of James Adams a motion to vacate judgment and death sentence pursuant to Rule 3.850, Fla.R.Crim.P. Having once been continued, this cause came on for hearing before the trial judge on January 18, 1980. The trial judge, having reviewed the motion, acknowledged that the motion is complex and that petitioner Adams was entitled to counsel. As stated in Graham v. State, 372 So.2d 1363 (Fla. 1979), an indigent need not have counsel in a proceeding such as this unless the application for post conviction relief on its face reflects a colorable legal claim. The trial judge felt that this motion met that test; the state takes no issue with this.
The trial judge, having some concern over the authority and right of the public defender of the Fifteenth Judicial Circuit to act in the Nineteenth Judicial Circuit in a post trial motion, appointed the public defender of the Nineteenth Judicial Circuit to represent Adams; he disallowed further representation by the public defender of the Fifteenth Judicial Circuit. Unfortunately for this appointment, the motion of the petitioner is predicated to a large and substantial extent on allegations that Adams was deprived of effective assistance of counsel at trial. Eleven specific charges are made in the motion. Because of these allegations, the public defender of the Nineteenth Judicial Circuit has a hopeless conflict of interest which precludes his representation of James Adams in this proceeding. Disciplinary Rules 5-101(A), (B), 7-101, Florida Code of Professional Responsibility. In contrast, no similar conflict of interest is demonstrated by the sole, conclusory and precatory allegation in the motion concerning the effectiveness of appellate representation of Adams by the public defender of the Fifteenth Judicial Circuit.
The public defender of the Nineteenth Judicial Circuit would be faced with the dilemma of vigorously asserting the petitioner's claim or defending the professional reputation of his office. This would be at least as great a conflict as having the same office represent two defendants with conflicting interests which was proscribed in Turner v. State, 340 So.2d 132 (Fla.2d DCA 1976). Also, it is likely that a member of his office will be called as a witness which would create an additional impediment. Roberts v. State, 345 So.2d 837 (Fla.3d DCA 1977).
Under these circumstances it was error for the trial judge to appoint the public defender of the Nineteenth Judicial Circuit to represent James Adams for this particular proceeding. That appointment is therefore vacated, with instructions to the trial judge to appoint other counsel for petitioner.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, Chief Justice.
WHEREAS, the Supreme Court of Florida has determined that the public defender of the Nineteenth Judicial Circuit of Florida is disqualified from legal representation in post-conviction proceedings for the indigent defendant in the case of
State of Florida v. James Adams
Case No. 73-284 CF
Circuit Court of the 19th Judicial Circuit in and for St. Lucie County, Criminal Division
on the basis of a conflict of interest; and
WHEREAS, it has been represented to me that the office of the public defender for the Fifteenth Judicial Circuit has with James Adams' consent represented him in all appellate proceedings subsequent to his conviction and sentence at trial, has prepared and filed on his behalf the motion for post-conviction relief which is pending in the above cause and on which a hearing has been scheduled for January 25, 1980, and is and has been prepared and willing to present testimony and argument regarding the allegations contained in the motion; and
WHEREAS, the trial judge and Attorney General have in this cause acknowledged that it is necessary for the indigent defendant *423 to be represented by counsel at an evidentiary hearing now set upon the motion for post-conviction relief.
NOW, THEREFORE, I, ARTHUR J. ENGLAND, JR., under authority vested in me as Chief Justice of the Supreme Court of Florida under article V, section 2 of the Constitution of Florida, do hereby authorize the office of the public defender of the Fifteenth Judicial Circuit of Florida to be appointed by the trial judge in the above cause to serve as temporary public defender of said circuit in order to represent the indigent defendant as counsel in the above cause. If so appointed by the trial judge in the above cause, the office of public defender of the Fifteenth Judicial Circuit, under and by virtue of the authority hereof, shall be vested with all and singular powers and prerogatives conferred by the Constitution and laws of the State of Florida upon a public defender of the Nineteenth Judicial Circuit, and shall thereafter be authorized to dispose of all matters arising in said cause.
DONE AND ORDERED at Tallahassee, Florida, on January 23, 1980.
NOTES
[1] Art. V, § 3(b)(1), (3), Fla. Const.