400 So.2d 1239 (1981)
Howard BABB, Jr., Public Defender, Fifth Judicial Circuit, Petitioner,
v.
Honorable W.F. EDWARDS, Circuit Judge, Citrus County, Respondent.
No. 81-301.
District Court of Appeal of Florida, Fifth District.
June 3, 1981.
Rehearing Denied July 2, 1981.
Howard Babb, Jr., Public Defender, Tavares, in pro. per.
No appearance for respondent.
PER CURIAM.
In each of two unrelated cases, the public defender certified to the trial court[1] that his representation of the defendant conflicted with his representation of another defendant for whom he previously had been appointed by the court and requested the court to appoint private counsel unaffiliated with the public defender's office. In each case, the trial court held no conflict would arise, so long as the defendants were represented by assistant public defenders from separate counties within the circuit who would work independently of one another. The public defender seeks review of these orders by a petition for writ of prohibition, alleging that, where one assistant public defender is unable to represent a defendant, all other assistant public defenders within that circuit should be similarly disqualified.
*1240 Disciplinary Rule 5-105(D) of the Florida Bar's Code of Professional Responsibility provides that, where a lawyer is unable to represent a client whose interests conflict with those of another client, "no partner or associate of his or his firm may accept or continue such employment." In Turner v. State, 340 So.2d 132 (Fla.2d DCA 1976), the Second District decided that the public defender's office within a given circuit was a "firm" within the meaning of this prohibition, and held that separate attorneys within a particular public defender's office could not represent antagonistic codefendants. Turner relied on Allen v. District Court, 184 Colo. 202, 519 P.2d 351 (1974), which focused upon the exchange of information among members of the office in ruling that assistant public defenders were members of a "firm."[2]Turner has been followed by the Third District in this regard in Roberts v. State, 345 So.2d 837 (Fla.3d DCA 1977).
While we agree that attorneys employed by a public defender who are required to "practice their profession side by side, literally and figuratively"[3] are members of a "firm" for purposes of the rule, we believe that, where the practice of each attorney is so separated from the other's that the interchange of confidential information can be avoided or where it is possible to create such a separation, there need be no relationship between them analogous to that of a law firm and there would be no inherent ethical bar to their representation of antagonistic interests. This possibility was not considered by the Turner court or by the other courts relying on, or citing to, Turner.[4] For example, the issue in Adams v. State, 380 So.2d 421 (Fla. 1980), was the propriety of the appointment of the Public Defender of the Nineteenth Judicial Circuit in a case wherein the issue was the competency of prior representation by that same public defender (or his designee). This is altogether different from the issue herein presented. In none of the Florida cases cited above  Turner, Roberts, or Adams  was any consideration given to the question we address in this opinion: Whether or not two adverse defendants may be represented by assistant public defenders in the same circuit whose offices and facilities are sufficiently insulated from each other so as to assure that confidential information is not inadvertently exchanged.
Here, the trial judge specifically addressed the question of separation and found that, since the two appointed assistant public defenders maintained separate offices in separate counties, no danger of information transfer between the two was shown. Under these facts, the only relation between the two attorneys was that both were employed by the public defender of the circuit, which fact alone would not ethically bar them from representing adverse interests.[5] The trial judge was therefore correct in ruling that the appointment was not barred by considerations of ethics.
We must then consider the effect of the language in section 27.53(3), Florida Statutes (Supp. 1980), upon this problem. That section reads:
If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff because of conflict of interest, it shall be his duty to certify such fact to the court, and the court shall appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender, to represent those accused. [Emphasis added].
*1241 We believe the above language should be construed to require the public defender (or assistant public defender representing a particular defendant) to do more than merely ascertain that there is hostility or adversity between defendants represented by his office before filing a motion to withdraw; it is also his duty to ascertain, as a condition precedent to the filing of that motion, that counseling of such defendants by different members of the staff cannot be done "without conflict of interest," as provided by the statute. If attorneys employed by the same public defender are not equated, for purposes of considering conflicts of interest, with private attorneys associated in the same law firm,[6] then the factors discussed above relating to the protection of confidential information by separation of offices, facilities and personnel must be weighed by the public defender in the filing of a motion to withdraw. And such factors must be weighed by the trial court in its determination as to whether or not such motion should be granted.
To the extent that the Turner and Roberts decisions failed to include this consideration, we are in disagreement with them and certify conflict. In the instant case, it is clear that the motion to withdraw, relying on the rationale of Turner, did not comprehend the factors set out in this opinion. Therefore, it was properly denied by the trial judge. We believe it appropriate to observe that a trial judge, when confronted with a public defender's motion to withdraw because of conflict, is severely circumscribed in his inquiry and must judiciously avoid any invasion of the privileged area of attorney/client communications. That restraint, however, is not required in regard to the court's inquiry into the availability of separation of facilities in the public defender's office or offices within the circuit to determine if separate attorneys of that office may represent antagonistic interests without prejudice to the defendants involved. As a practical matter, this latitude granted to public defenders and to trial judges is in the best interests of defendants, who, in many instances, will be represented more ably by an experienced assistant public defender than by an obliging but indifferent private attorney lacking experience in criminal law or unable to sacrifice sufficient time from the demands of his civil practice.
Moreover, the prohibition of representation required by Turner and Roberts, which we believe unnecessarily requires resort to the appointment of private counsel, is at variance with the basic purpose of the public defender's office  that is, to provide effective legal representation to indigents at minimum cost to the public. See § 27.51, Fla. Stat. (1979).[7]
*1242 Accordingly, the petition for writ of prohibition is denied. Pursuant to Rules of Appellate Procedure 9.030(a)(2)(A)(v) and (vi), we certify that this decision passes upon a question of great public importance and that said decision is in direct conflict with decisions of other district courts of appeal, as hereinbefore noted.
DENIED.
COBB, SHARP and COWART, JJ., concur.
NOTES
[1] § 27.53(3), Fla. Stat. (Supp. 1980).
[2] Other courts considering the question have relied upon this interchange of information. See, e.g., Borden v. Borden, 277 A.2d 89 (D.C. App. 1971); 5 F.S.U.L.Rev. 492 (1977). See also Fla. Bar Professional Ethics Commission, Op. 67-38 (1967).
[3] Borden, 277 A.2d at 91.
[4] See also Fla. Bar Professional Ethics Commission, Op. 67-38 (1967).
[5] Fla. Bar Code Prof.Resp. DR 5-107(B).
[6] Obviously, each member of a private law firm has a pecuniary interest, direct or indirect, in the successful representation of each client in that firm. That is not true of assistant public defenders.
[7] Illustrative of this problem is a resolution recently enacted by the judges of the Seventh Judicial Circuit of Florida, which reads:

WHEREAS, there exists in the Seventh Judicial Circuit, as well as the entire State of Florida, a severe problem in regard to funding of counsel to represent indigent defendants in Public Defender conflict cases; and
WHEREAS, the Judges of the Seventh Judicial Circuit of Florida have determined that the Public Defender's office routinely files a certificate of conflict where more than one defendant, charged with the same crime, is indigent; the judge then has to appoint counsel at the expense of the county to represent said defendant(s), which causes a severe economic drain on the Fine and Forfeiture funds of the counties; and
WHEREAS, the Judges of the Seventh Judicial Circuit are convinced that the mere fact that the Public Defender's office represents a defendant would not necessarily cause knowledge of confidential communications to one assistant public defender to be vicariously imputed to all other assistant public defenders in the same circuit; and are further convinced that any interpretation of the law such as this would defeat the very purpose of the Florida Public Defender Law; and
WHEREAS, the Judges of the Seventh Judicial Circuit of Florida are further convinced that the Supreme Court of Florida should adopt a rule addressing this problem and providing a solution therefor;
NOW, THEREFORE, BE IT RESOLVED by the Circuit Judges of the Seventh Judicial Circuit of Florida, this 6th day of January, 1981, that the Supreme Court of Florida be and that honorable body is hereby requested to adopt such necessary rules changes as may be proper to require that, upon certification of conflict by an assistant public defender in indigency cases, another assistant public defender be assigned to handle such case, unless an ethical conflict is alleged and established that would, in and of itself, impute knowledge to all other assistant public defenders and result in a miscarriage of justice to the defendant.