412 So.2d 859 (1982)
Howard BABB, Jr., Public Defender, Fifth Judicial Circuit, Petitioner,
v.
Honorable W.F. EDWARDS, Circuit Judge, Citrus County, Respondent.
No. 60973.
Supreme Court of Florida.
April 1, 1982.
*860 Howard Babb, Jr., Public Defender, James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, and Christopher S. Quarles, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for respondent.
Larry M. Haag, County Atty., Inverness, for Citrus County, amicus curiae.
ALDERMAN, Justice.
The District Court of Appeal, Fifth District, has certified the following question as one of great public importance:
Whether or not two adverse defendants may be represented by assistant public defenders in the same circuit whose offices and facilities are sufficiently insulated from each other so as to assure that confidential information is not inadvertently exchanged.
Babb v. Edwards, 400 So.2d 1239 (Fla.5th DCA 1981). It has also certified that its affirmative response to this question conflicts with Turner v. State, 340 So.2d 132 (Fla.2d DCA 1976), and Roberts v. State, 345 So.2d 837 (Fla.3d DCA 1977). We disagree with the Fifth District's response to the question and hold that where the public defender of a given circuit determines that the interests of indigent defendants are so adverse or hostile that they cannot all be represented by him or his assistant public defenders regardless of the location of their offices within the circuit without conflict of interest, the trial court shall, upon motion of the public defender, appoint other counsel as provided by statute.[1]
*861 In two unrelated cases, Babb, the public defender for the Fifth Judicial Circuit, pursuant to section 27.53(3), Florida Statutes (Supp. 1980), certified to the trial court that his representation of a defendant conflicted with his representation of another defendant for whom he previously had been appointed by the court. He requested the court to appoint private counsel unaffiliated with his office. In each case, the trial court refused to appoint other counsel and held that no conflict would arise if the defendants were represented by assistant public defenders from separate counties within the circuit who would work independently of one another.
Babb then petitioned the Fifth District for a writ of prohibition and alleged that if one assistant public defender is unable to represent a defendant, all other assistant public defenders within that circuit were similarly disqualified under the theory that the public defender's office constituted a "law firm." The Fifth District denied the petition and held that where the practices of the attorneys are so separated that the interchange of confidential information can be avoided or where it is possible to create such a separation, there need be no relationship between them analogous to that of a law firm and there would be no inherent ethical bar to their representation of antagonistic interests.
In Turner v. State, the trial court denied a motion by the public defender's office to be relieved as counsel for Turner because of a conflict of interest between Turner and one of his codefendants on the ground that separate attorneys within the public defender's office could properly represent the codefendants. The Second District quashed the trial court's order and held that the public defender's office of a given circuit is a "firm" within the discipline of Canon 5, Florida Code of Professional Responsibility. The Third District in Roberts v. State, finding Turner to be controlling, quashed an order denying a motion to withdraw and held that the trial court departed from the essential requirements of law by refusing to permit an assistant public defender to withdraw as counsel for Roberts "where the State intended to rely on the testimony of another attorney from the same `firm,' the public defender's office, for the purpose of increasing the sentence." 345 So.2d at 838-39.
Article V, section 18 of the Florida Constitution provides for a public defender in each judicial circuit who shall appoint assistant public defenders and who shall perform those duties prescribed by general law. In accordance with this provision and to address conflicts of interest arising within a public defender's office, the Florida Legislature enacted section 27.53(3), Florida Statutes (Supp. 1980). This section reads in pertinent part:
If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff because of conflict of interest, it shall be his duty to certify such fact to the court, and the court shall appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender, to represent those accused.
The Fifth District interpreted this language as requiring the public defender, as a condition precedent to filing a motion to withdraw, not only to ascertain hostility or adversity between defendants represented by his office but also to show, after taking into account the possibility of protecting confidential information by separation of offices, facilities and personnel, that the representation of such defendants by different assistant public defenders cannot be done without conflict of interest. Additionally, the Fifth District requires the trial court to weigh those same factors before it rules on a motion to withdraw.
*862 We do not agree that the legislature intended to place such a burden on either the public defender or the trial court. We find that the language in section 27.53(3) clearly and unambiguously requires the trial court to appoint other counsel not affiliated with the public defender's office upon certification by the public defender that adverse defendants cannot be represented by him or his staff without conflict of interest. The statute does not require the consideration and weighing of those factors suggested by the district court and, more importantly, does not permit the appointment of other counsel affiliated with the public defender's office once conflict is certified.
The legislature's intent is made even clearer by the 1981 amendments to section 27.53(3).[2] While this new language continues to place the burden of determining conflict on the public defender, it now specifically gives the trial court the option of appointing either private counsel not affiliated with the public defender's office or a public defender from another circuit. The legislature intended that assistant public defenders within the same circuit, regardless of the location of their offices, not be appointed to represent adverse defendants once the public defender of that circuit has determined conflict and has moved the court to appoint other counsel. Since section 27.53(3) is clear and unambiguous, judicial interpretation is not appropriate to displace its expressed intent. Heredia v. Allstate Insurance Company, 358 So.2d 1353 (Fla. 1978).
Accordingly, in response to the certified question, we hold that under the provisions of section 27.53(3), two adverse defendants should not be represented by assistant public defenders in the same circuit once the public defender has determined that to do so would be a conflict of interest and on that ground has moved the trial court to appoint other counsel. The decision of the District Court of Appeal, Fifth District, is therefore quashed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] In this case we have not considered, nor have we decided, whether a trial court's refusal to grant a public defender's motion to withdraw based on conflict of interest will result in the reversal of a conviction without a showing of prejudice by the defendant.
[2] Section 27.53(3), Florida Statutes (1981), reads in pertinent part:

If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff because of conflict of interest, it shall be his duty to move the court to appoint other counsel. The court may appoint either:
(a) One or more members of The Florida Bar, who are in no way affiliated with the public defender, in his capacity as such, or in his private practice, to represent those accused; or
(b) A public defender from another circuit. Such public defender shall be provided office space, utilities, telephone services, and custodial services, as may be necessary for the proper and efficient function of the office, by the county in which the trial is held.