ORFINGER, Chief Judge.
The Public Defender moved to withdraw as counsel for defendant, citing irreconcilable conflict between defendant and a co-defendant represented by the same office. The trial court found that an irreconcilable conflict did exist, but ruled that the conflict could be cured if “both defendant and his co-defendant are represented by Assistant Public Defenders of the Fifth Judicial Circuit, as long as the Assistants work out of different counties within the Circuit.” Pri- or to trial, the Public Defender filed a written objection to his continued representation of defendant, and at trial again stated his objection on the ground that the court’s action denied appellant his Sixth Amendment rights to effective counsel. We reverse.
In Babb v. Edwards, 412 So.2d 859 (Fla.1982), the Supreme Court disapproved this procedure, holding that where a public defender determines that the interests of indigent co-defendants are so adverse or hostile that they cannot all be represented by him or by his assistants without conflict, the trial court shall, upon motion, appoint other counsel as provided by statute. Here, the court found conflict, based on the Public Defender’s motion, so it was necessary that other counsel be appointed. See also Foster v. State, 387 So.2d 344 (Fla.1980).
The judgment of conviction is reversed and the cause is remanded for a new trial.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.