ORFINGER, Chief Judge.
The State filed an information jointly charging the appellant, George Volk, and a co-defendant, Croaston, with the offense of grand theft. Prior to trial, the assistant public defender in St. Johns County to whom the case was originally assigned, Ms. Peggy Ready, moved the court, pursuant to section 27.53(3), Florida Statutes (1981), for leave to withdraw as attorney for Volk and for the court to appoint other counsel because of a conflict of interest. The motion requested that the new attorney to be appointed for Volk should be “in no way affiliated with the Public Defender of the Seventh Judicial Circuit.” The Seventh Circuit consists of Volusia, St. Johns, Putnam and Flagler Counties. Ms. Ready worked out of the St. Johns office. Relying on our opinion in Babb v. Edwards, 400 So.2d 1239 (Fla. 5th DCA 1981) (Babb I), the trial court appointed Mr. Ray Cass of the Volusia County office of the Public Defender’s Office, Seventh Judicial Circuit, to represent Volk.
In Babb I, this court held that two adverse defendants could be represented by assistant public defenders in the same circuit where the offices and facilities were sufficiently insulated from each other so as to assure that confidential information would not be inadvertently exchanged. 400 So.2d at 1240. We certified conflict with the decisions of two other district courts of appeal: Turner v. State, 340 So.2d 132 (Fla. 2d DCA 1976); Roberts v. State, 345 So.2d 837 (Fla. 3d DCA 1977).
The Florida Supreme Court addressed this court’s certified question in Babb v. Edwards, 412 So.2d 859 (Fla.1982) (Babb II). It there ruled that section 27.53(3) (Supp.1980) “clearly and unambiguously requires the trial court to appoint other counsel not affiliated with the Public Defender’s office upon certification by the Public Defender that adverse defendants cannot be represented by him or his staff without conflict of interest.” 412 So.2d at 862. The express holding by the Florida Supreme Court in Babb II was set forth in the final paragraph of that opinion:
Accordingly, in response to the certified question, we hold that under the provisions of section 27.53(3), two adverse defendants should not be represented by assistant public defenders in the same circuit once the public defender has determined that to do so would be a conflict of interest and on that ground has moved the trial court to appoint other counsel. The decision of the District Court of Appeal, Fifth District, is therefore quashed.
412 So.2d at 862.
The issue now before us is whether the certification of conflict must be made by the elected public defender himself, or can be made by the appointed assistant handling the case at issue. The State argues that the language from the Supreme Court’s decision and in section 27.53(3), Florida Statutes (1981), expressly requires the public defender, not a member of his staff, to make the determination of conflict of interest. The relevant provisions of that statute provide:
27.53(3) If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff because of conflict of interest, it shall be his duty to move the court to appoint other counsel.
Based on the foregoing language, the State argues that the legislature intended that only the public defender, as the elected full-time representative of indigent defendants in each judicial circuit, should make *1066 the important determination of conflict resulting in his office’s automatic disqualification from service to a particular client. It is argued that the statute distinguishes between the elected public defender and his staff, and provides that only the former shall determine conflict.
We cannot agree that section 27.53(3), Florida Statutes (1981), and the opinion of the supreme court in Babb v. Edwards must be as narrowly construed as the State would require us to do. We find nothing in the statute or in any of the court opinions which leads us to the conclusion that the legislature intended to strap assistant public defenders of their independent professional judgment as lawyers, in determining or certifying conflict.
In Turner v. State, 340 So.2d 132 (Fla. 2d DCA 1976), the opinion recites that “the public defender’s office was appointed to represent all three co-defendants [and that] after interviewing the three defendants, the public defender’s office filed a motion to be relieved as counsel for petitioner because of a conflict of interest between the defense of petitioner and one of the other co-defendants.” The trial court denied the motion and the district court granted certiorari and quashed the order. Nothing in the opinion indicates a requirement that the elected public defender did or was required to certify the conflict.
In Roberts v. State, 345 So.2d 837 (Fla. 3d DCA 1977), it is even more clear that the motion to withdraw on the basis of conflict was filed by the assistant public defender. The opinion states:
This petition for writ of certiorari seeks review of the trial court’s denial of a motion to withdraw filed by the assistant public defender representing James Theodore Roberts, defendant herein, on the basis of a potential conflict created by the State’s having subpoenaed another assistant public defender to testify in the defendant’s sentencing hearing.
Id. at 838.
After reciting the applicable provisions of the Code of Professional Responsibility, the district court held that the trial court had departed from the essential requirements of law “by refusing to permit assistant public defender Kershaw to withdraw as counsel for Roberts in the sentencing proceedings ...” Clearly there, the conflict was certified by the assistant public defender and not by the elected official.
In this court’s decision in Babb I, we made no distinction between the elected official and his assistants in discussing the issue of conflict. In fact, we specifically alluded to the power of the assistant to determine conflict, and at least inferentially approved his filing of the motion once conflict was found.
The relationship of attorney and client exists between the defendant and the lawyer assigned to represent him. The client’s confidences are reposed in his lawyer (the assistant) who, as an officer of the court, has the direct responsibility of representing his client’s interests. It is that lawyer’s professional judgment which is involved in determining conflict, not that of his boss. We doubt seriously that the elected public defender here has any direct contact with the defendant or any direct knowledge of a conflict. This information would be reposed with the lawyer who represents co-defendants and who decides, based on the information available to him, that a conflict exists. We believe that the statute uses the term public defender in its generic sense to refer to the lawyer appointed to and actually representing a defendant, whether it be the elected public defender or a duly appointed assistant.
It seems anomalous to say that an assistant public defender can represent a defendant charged with crime in every phase of the proceeding, that he can file motions of all kinds, enter pleas for his client and file any type of pleading authorized by law, but that he cannot certify that in his professional judgment, a conflict exists between two or more defendants he has been assigned to represent.
The Code of Professional Responsibility imposes obligations upon attorneys with respect to the attorney-client relationship. In *1067 representing a client, a lawyer must exercise his own professional judgment, not the judgment of his employer. DR 5-105 says:
(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).
We do not believe that the legislature, in adopting section 28.53, intended to prohibit or inhibit the exercise of independent judgment by trial counsel representing the defendant,[1] and we do not so hold. We are further persuaded to this view by that portion of section 27.53 which says:
“However, the trial court shall appoint such other counsel upon its own motion when the facts developed upon the face of the record and files in the cause disclose such conflict.”
When the trial court becomes aware of the existence of a conflict by virtue of a motion to that effect from an assistant public defender, it should give that information the same credence it would give to similar information from the elected public defender or from any other credible source.
Although the supreme court, in Babb II, specifically declined to address the need for the defendant to show prejudice in addition to conflict as a ground for reversal of a conviction, the U.S. Supreme Court has held that once conflict is shown, prejudice need not be demonstrated because “it would be difficult to judge intelligently the impact of a conflict on the attorney’s representation of a client.” Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). See also Richard v. State, 426 So.2d 584 (Fla. 5th DCA 1983); Jones v. State, 423 So.2d 515 (Fla. 5th DCA 1982).
The judgment of conviction is reversed for a new trial. The trial court is directed to appoint counsel other than a public defender from within the Seventh Judicial Circuit to represent defendant in these proceedings.
REVERSED and REMANDED with directions.
COBB and SHARP, JJ., concur.

. In this connection, it is worth reviewing Ethical Consideration (EC) 5-23 of the Code of Professional Responsibility which says:
A person or organization that pays or furnishes lawyers to represent others possesses a potential power to exert strong pressures against the independent judgment of those lawyers. Some employers may be interested in furthering their own economic, political, or social goals without regard to the professional responsibility of the lawyer to his individual client. Others may be far more concerned with establishment or extension of legal principles than in the immediate protection of the rights of the lawyer’s individual client. On some occasions, decisions on priority of work may be made by the employer rather than the lawyer with the result that prosecution of work already undertaken for clients is postponed to their detriment. Similarly, an employer may seek, consciously or unconsciously, to further its own economic interests through the actions of the lawyers employed by it. Since a lawyer must always be free to exercise his professional judgment without regard to the interests or motives of a third person, the lawyer who is employed by one to represent another must constantly guard against erosion of his professional freedom.