DAUKSCH, Judge.
This is an appeal from a conviction under the escape statute. Before trial the assistant public defender who was appointed to represent appellant moved the court to allow him to withdraw as appellant’s lawyer. The court denied that motion and that denial is the only issue warranting discussion in this appeal.
Our supreme court very clearly held in Babb v. Edwards, 412 So.2d 859 (Fla.1982) “that where the public defender of a given circuit determines that the interests of indigent defendants are so adverse or hostile that they cannot all be represented by him or his assistant public defenders regardless of the location of their offices within the circuit without conflict of interest, the trial court shall, upon motion of the public defender, appoint other counsel as provided by statute.” Before we discuss the substance of the appeal we note that the public defender did not make the motion to have other counsel appointed but that it was done by one of his assistants. We have determined there is no significant difference in this regard and deem the act of the assistant, in this type of procedure, to be the act of the public defender.
As to the substantive issue, the state urges that we should take particular notice of the footnote to the Babb opinion which says:
1. In this case we have not considered, nor have we decided, whether a trial court’s refusal to grant a public defender’s motion to withdraw based on conflict of interest will result in the reversal of a conviction without a showing of prejudice by the defendant.
The state urges us to examine the record and decide if any prejudice resulted from the dual representation and, if no prejudice is evident then to apply the harmless error doctrine and affirm the conviction. While we are attracted to that argument we are bound by Holloway v. Arkansas, 435 U.S. 475, 87 S.Ct. 1173, 55 L.Ed.2d 426 (1978) which holds that prejudice is presumed where a conflict is shown. So, Babb says even if there were two separate lawyers, since they were from the same “lawfirm” there is a conflict; and Holloway says prejudice is automatically presumed. This leads us to the requirement that we reverse the conviction and remand the matter for a new trial.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.