PER CURIAM.
Petitioner filed a petition for writ of certio-rari to quash the order of the trial court denying the office of the public defender’s motion to withdraw from representation of petitioner in connection with two felony matters. The public defender’s motion to withdraw explains that petitioner developed a hostile relationship with assistant public defender Louis Townsend and “certified” that there was a conflict of interest necessitating his withdrawal. The trial court, however, noted that the conflict was unique and between petitioner and Townsend only. It permitted Townsend to withdraw but declined to permit the entire office of the public defender to withdraw.
In its petition, the office of the public defender claims that the trial court was required to grant the motion to withdraw based on Guzman v. State, 644 So.2d 996 (Fla.1994). In that ease, the court held that the office of the public defender is allowed to withdraw when the public defender certifies that there is a conflict of interest between two clients of the office. It does not speak to a conflict of the personal nature such as the one in this case.
We hold that there was no departure from the essential requirements of law in the trial court’s refusal to permit the entire office of the public defender to withdraw.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.