753 So.2d 705 (2000)
Woodrow WARD, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D99-2446.
District Court of Appeal of Florida, First District.
March 17, 2000.
*706 Nancy A. Daniels, Public Defender; Michael J. Minerva, Assistant Public Defender, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr. Assistant Attorney General, Tallahassee, for Respondent.
BROWNING, J.
The petitioner, Woodrow Ward, seeks issuance of a writ of common-law certiorari reversing the trial court's order, which denied a motion filed by the Office of the Public Defender of the Second Judicial Circuit ("the Office") to withdraw as Ward's counsel and to appoint conflict-free counsel.[1] Ward contends that the trial court's requiring the Office to assign other assistant public defenders in the Office to represent him, notwithstanding the finding that a general conflict of interest existed as to certain assistant public defenders in an entire branch of the Office, contravenes the express requirements of section 27.53(3), Florida Statutes (1999), and constitutes a departure from the essential requirements of law. See Haines City Comm'ty Devel. v. Heggs, 658 So.2d 523, 530 (Fla.1995) (whether the lower tribunal applied the correct law is synonymous with whether it observed the essential requirements of law); Babb v. Edwards, 412 So.2d 859, 862 (Fla.1982) ("We find that the language in section 27.53(3) clearly and unambiguously requires the trial court to appoint other counsel not affiliated with the public defender's office upon certification by the public defender that adverse defendants cannot be represented by him or his staff without conflict of interest."). Concluding that the petitioner has met his heavy burden under Heggs to show that the trial court failed to apply the correct law and thereby departed from the essential requirements of law, we grant the petition, quash the lower court's order denying the Office's motion to withdraw, and remand for entry of an order granting the motion. See Babb, 412 So.2d at 862; Phil's Yellow Taxi Co. of Miami Springs v. Carter, 134 So.2d 230 (Fla.1961) (in certiorari review, trial court's rulings are presumed *707 to be correct, and petitioner has burden to establish both a defect in the challenged order and the trial court's abuse of discretion).

THE FACTS
The State's information charged Ward with the third-degree felony of armed trespassing on land owned by a county judge in Liberty County. The Office was appointed to represent Ward. After an investigation, the Office filed a motion to withdraw from representing Ward and to appoint independent counsel. § 27.53(3), Fla. Stat. (1999). The motion alleged 1) that the victim/county judge "is a critical fact witness in the case" who caught Ward on his land and will testify that Ward admitted knowing that he was trespassing; 2) that defense counsel would have to make a vigorous attack on the victim's credibility and powers of observation, "in essence calling him a liar," to present a zealous and competent defense; 3) that appointed defense counsel and other attorneys in the Office regularly represent people in the county court in Liberty County and in mental health hearings at Florida State Hospital; 4) that Ward is from outside Liberty County, whereas the vast majority of the movants' clients in county court are from Liberty County; 5) that the circumstances of this case force defense counsel into a situation where loyalties are torn between presenting a zealous defense and considering the possible (conscious or unconscious) "chilling" repercussions on other clients who will appear before the victim; 6) that the appearance of conflict requires granting the motion to withdraw; 7) that The Florida Bar has opined that an actual conflict exists requiring appointment of conflict counsel, preferably someone who does not regularly practice before the Liberty County Court; and 8) that the motion is supported by Article I, sections 9 & 16, Florida Constitution; Amendments V, VI, & XIV, United States Constitution; and Rule 4-1.7, Rules Regulating The Florida Bar.
After a hearing, the trial court entered the order that is the subject of the instant petition. The court found that the State has conceded that the particular facts create a conflict regarding the assistant public defender assigned to defend Ward, and that the conflict applies to the assistant public defenders assigned to Gadsden and Liberty Counties. The motion was granted as to those particular attorneys.
However, the trial court found also that the conflict set forth in the Office's motion "is not the classic conflict which would affect all of the lawyers in the Office," and that Liberty County should not have to spend funds for outside counsel when an assistant public defender who does not practice regularly before the county court in Liberty County could provide the necessary legal services without the conflict's affecting his or her ability to provide a zealous defense. On these grounds, the motion to withdraw was denied.

THE LAW
Public defenders are duty-bound to move to withdraw when the conflict between two or more clients is such that "they cannot all be counseled by the public defender or his or her staff without conflict of interest." § 27.53(3), Fla. Stat. (1999). Certiorari relief is authorized when a trial court has improperly denied a motion by the public defender to withdraw on the basis of a conflict of interest. See, e.g., Leslie v. State, 720 So.2d 559 (Fla. 4th DCA 1998); Crowe v. State, 701 So.2d 431 (Fla. 5th DCA 1997); Nixon v. Siegel, 626 So.2d 1024 (Fla. 3d DCA 1993). As admitted by the State and as correctly found by the trial court, a conflict of interest exists on the part of the assistant public defenders, employed by the Office, who are assigned to Gadsden and Liberty Counties. The petitioner contends that once a conflict of interest was found under the alleged facts of the motion, the law did not permit substituted appointment of any other lawyer affiliated with the same Office. He is correct. § 27.53(3), Fla. Stat. (1999); *708 see Guzman v. State, 644 So.2d 996 (Fla. 1994); Babb, 412 So.2d at 862.
The right to counsel protected under the Sixth Amendment "assures fairness in adversarial criminal proceedings." Bouie v. State, 559 So.2d 1113, 1115 (Fla. 1990); see United States v. Morrison, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). This constitutional guarantee "includes the right to counsel whose loyalty is not divided between clients with conflicting interests." Turner v. State, 340 So.2d 132, 133 (Fla. 2d DCA 1976); Bouie, 559 So.2d at 1115. Section 27.53(3), Florida Statutes (1999), states in pertinent part that "[i]f the court grants the motion to withdraw, it may appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender, in his or her capacity as such, or in his or her private practice, to represent those accused." (Emphasis added). Florida courts have construed section 27.53(3) as affording greater protection than the Sixth-Amendment right to counsel. See Reardon v. State, 715 So.2d 348 (Fla. 4th DCA 1998). In Turner, the Second District Court stated that the guarantee of assistance of counsel "contemplates that members of the same firm cannot represent conflicting interests." Turner, 340 So.2d at 133 (viewing the Office of the Public Defender of a given circuit as a "firm" for purposes of construing the disciplinary rules governing conflicting interests of clients and imputed disqualification). The requirements of section 27.53(3), which governs public defenders' offices, reflect concerns like those underlying the conduct set forth for private attorneys in the Rules Regulating The Florida Bar:
Rule 4-1.7 Conflict of Interest; General Rule
(a) Representing Adverse Interests
A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:
(1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and
(2) each client consents after consultation.
(b) Duty to Avoid Limitation on Independent Professional Judgment A lawyer shall not represent a client if the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest, unless:
(1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) the client consents after consultation.
Another rule sets out the concept of imputed disqualification:
Rule 4-1.10 Imputed Disqualification; General Rule
(a) Imputed Disqualification of All Lawyers in Firm. While lawyers are associated in a firm, none of them shall knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule 4-1.7, 4-1.8(c), 4-1.9. or 4-2.2.
The language in section 27.53(3), Florida Statutes (1999), is consonant with the Florida Supreme Court's view that "[a]s a general rule, a public defender's office is the functional equivalent of a law firm." Bouie, 559 So.2d at 1115; cf. State v. Fitzpatrick, 464 So.2d 1185, 1186 (Fla. 1985) (noting that state attorneys' offices have no statutory counterpart to § 27.53(3)).
We hold that by requiring an ethically conflicted attorney from the Office to represent the petitioner, the trial court would be denying effective assistance of counsel. Under the given circumstances, the admitted conflict affecting the attorneys in an entire branch of the Office extends to the whole Office under section 27.53(3) and Babb, and the trial court's ruling to the *709 contrary constitutes a departure from the essential requirements of law that would result in irreparable, material harm to the petitioner that cannot be remedied on final appeal. See Combs v. State, 436 So.2d 93 (Fla.1983).
The cases cited by the respondent involving strictly personal, limited conflicts between a defendant and defense counsel are clearly distinguishable from the instant allegations. See, e.g., Thomas v. State, 725 So.2d 1171 (Fla. 5th DCA 1998); Pena v. State, 706 So.2d 1378 (Fla. 4th DCA 1998) (no departure from essential requirements of law in trial court's permitting defense counsel to withdraw but declining to permit entire office of public defender to withdraw, where conflict was "unique" and between petitioner and his attorney only).
Certiorari is granted. We hereby quash the order denying the Office's motion to withdraw, and remand the case to the trial court for entry of an order granting the motion and thereby appointing conflictfree counsel.
ALLEN, and WEBSTER, JJ., CONCUR.
NOTES
[1] The Second Judicial Circuit comprises Leon, Gadsden, Jefferson, Wakulla, Liberty, and Franklin Counties. § 26.021(2), Fla. Stat. (1997).