ON MOTION FOR REHEARING

HARRIS, J.
We grant the Motion for Rehearing and substitute the following opinion.
In the initial opinion, we did not discuss defendant’s cross-appeal relating to his search and seizure issue. Although the testimony at trial was conflicting, the court could have found the following: Lindsay had been staying at Day’s Inn for several days, paying each day early in the morning. The manager of the motel, after check-out time on a day in.which Lindsay had not paid and after calling the room three times without response, went to the room and knocked. When there was no response after the knocking continued for fifteen minutes, the manager attempted to open the door but found it to be dead-bolted. Fearing for Lindsay’s well-being, she called the police.
When the officers arrived, they insisted Lindsay open the door. Although Lindsay indicated he needed no assistance, he invited the officers into the room. He appeared “pretty out of it.” While in the room, the officers observed in an open gym bag a plastic baggie containing what the officers believed to be cocaine. It was. We find the search to have been legal.
The State’s appeal alleged that the court scored the wrong offense as the primary offense and also failed to add an additional twelve points because of a community sanction violation. See rule 3.703(17), Florida Rules of Criminal Procedure. We agree with the State on both issues and reverse for resentencing.
The conviction is AFFIRMED; the sentence is REVERSED for correction of the score-sheet and resentencing.
ANTOON, C.J., and DAUKSCH, J., concur.