805 So.2d 112 (2002)
Gerri TONEATTI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-113.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
*113 Joy A. Bartmon of The Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Gerri Toneatti, appeals her judgment of conviction and sentence for two counts of dealing in stolen property following a non-jury trial. Holding that a conflict existed by the public defender's representation of appellant and her co-defendant under the facts of this case, we reverse and remand for a new trial after the appointment of conflict-free counsel to represent appellant.
Appellant's boyfriend, Angelo Dellobuono, was also charged with two counts of dealing in stolen property. Both appellant and Dellobuono were appointed an assistant public defender. Dellobuono's counsel moved to withdraw pursuant to section 27.53, Florida Statutes, on the grounds that a conflict of interest existed since the Public Defender's Office was also representing appellant and Dellobuono's theory of defense would be adverse to that of his co-defendant. Because Dellobuono failed to appear at the hearing on the motion, his defense counsel withdrew her motion stating that she would refile it at a later date. However, such motion was never refiled.
Subsequently, both parties waived jury trial and proceeded with a non-jury trial. At trial, appellant and Dellobuono had conflicting defenses. Appellant's defense as gleaned from the record was that the property in question was given to her by her grandmother and that she offered to sell it to the victim before pawning the merchandise. Dellobuono's defense on the other hand, was that the property in question belonged to the victim, but that the victim *114 loaned appellant the property because appellant needed money.[1]
At the close of the state's evidence, both appellant and Dellobuono moved for judgment of acquittal. The court denied appellant's motion but granted Dellobuono's motion.
Appellant claims that a conflict of interest resulted from the Public Defender's representation of both her and co-defendant Dellobuono, thereby violating her right to conflict-free counsel. She claims that it was fundamental error for the trial court to have failed to conduct an inquiry on its own motion when the conflict became apparent and to either appoint conflict-free counsel or obtain a waiver from her.
A criminal defendant's Sixth Amendment right to the effective assistance of counsel encompasses the right to counsel free of ethical conflicts. See Thomas v. State, 785 So.2d 626, 628 (Fla. 2d DCA 2001)(defense counsel's prior representation of a key prosecution witness deprived defendant of the right to counsel free of ethical conflicts). This guarantee of the assistance of counsel includes the right to counsel whose loyalty is not divided between clients with conflicting interests. See Turner v. State, 340 So.2d 132, 133 (Fla. 2d DCA 1976)(citing Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942)). When defense counsel makes a pretrial disclosure of a possible conflict of interest with the defendant, the trial court must either conduct an inquiry to determine whether the asserted conflict of interest will impair the defendant's right to effective assistance of counsel or appoint separate counsel. See Thomas, 785 So.2d at 628; Forsett v. State, 790 So.2d 474 (Fla. 2d DCA 2001)(defendant did not waive right to have counsel free from conflict of interest, after defense counsel notified court that he had previously represented victim for probation violation); Tarawneh v. State, 562 So.2d 770 (Fla. 4th DCA 1990), review denied, 576 So.2d 292 (Fla.1991)(representation of defendants by a single law firm did not deny them a fair trial where the record did not demonstrate that their defenses were antagonistic, where the court warned defendants of a possible conflict at a pretrial hearing and where the defendants advised the court that they wished to continue with their present counsel).
In Turner, the Second District stated that the guarantee of assistance of counsel contemplates that members of the same firm cannot represent conflicting interests. 340 So.2d at 133. It is immaterial whether such counsel is appointed by the court or selected by the defendant. See id. In the case of appointed counsel it is especially important for the court to determine that no prejudice will result from multiple representation. See id. The court viewed the Office of the Public Defender of a given circuit as a "firm" for purposes of construing the disciplinary rules governing conflicting interests of clients and imputed disqualification. See id.; see also Ward v. State, 753 So.2d 705, 708 (Fla. 1st DCA 2000); R. Regulating Fla. Bar. 4-1.10.[2]
*115 This view was adopted by the Florida Supreme Court in Bouie v. State, 559 So.2d 1113, 1115 (Fla.1990), wherein the court held that as a general rule, a public defender's office cannot represent defendants with conflicting interests.
Section 27.53(3), Florida Statutes (2000), which governs public defender's offices, is consonant with the Florida Supreme Court's view, that the public defender's office is the functional equivalent of a law firm. See Ward, 753 So.2d at 708. Such provision provides that:
If, at any time during the representation of two or more indigents, the public defender determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of conflict of interest, the public defender shall file a motion to withdraw and move the court to appoint other counsel. The court shall review and may inquire or conduct a hearing into the adequacy of the public defender's representations regarding a conflict of interest without requiring the disclosure of any confidential communications. The court shall permit withdrawal unless the court determines that the asserted conflict is not prejudicial to the indigent client. If the court grants the motion to withdraw, it may appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender, in his or her capacity as such, or in his or her private practice, to represent those accused. However, the trial court shall appoint such other counsel upon its own motion when the facts developed upon the face of the record and files in the cause disclose such conflict. The court shall advise the appropriate public defender and clerk of court, in writing, when making such appointment and state the conflict prompting the appointment. The appointed attorney shall be compensated as provided in s. 925.036.
§ 27.53(3), Fla. Stat. (2000)(emphasis added).
While the trial court now has the discretion to inquire into the allegations of conflict when the public defender seeks to withdraw from representation, see Valle v. State, 763 So.2d 1175 (Fla. 4th DCA 2000), section 27.53(3) also enables the court to sua sponte appoint conflict-free counsel when a conflict is apparent and the facts developed on the face of the record and files disclose that a conflict exists.
In Delarosa v. State, 757 So.2d 1284 (Fla. 4th DCA 2000), this court held that a conflict of interest existed at a revocation hearing where defense counsel had information bearing upon the voluntariness of the defendant's confession to criminal charges which formed the basis for the probation violation affidavit. Counsel's continued representation of the defendant at the revocation hearing prejudiced the defendant because it interfered with his right to present all relevant evidence. This court held that because an actual conflict and prejudice was shown, the trial court should have questioned the defendant about whether he wished to waive his right to conflict-free counsel and proceed with the hearing.
In this case, based on the record, there clearly existed a potential conflict which should have put the court on notice to conduct an inquiry into the conflict prior to trial to determine whether conflict-free counsel should have been appointed or to obtain a waiver from the parties.
*116 We accordingly deem it appropriate to reverse and remand for a new trial after the appointment of conflict-free counsel.
REVERSED AND REMANDED.
TAYLOR, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.
NOTES
[1] The parties' adverse defenses are also clearly evident from the probable cause affidavits filed by the investigating officer.
[2] Rule. 4-1.10, Rules Regulating Florida Bar, provides that while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by another rule. Rule 4-1.7 provides that a lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to the other client and each client consents after consultation.