PER CURIAM.
 

 The public defender’s office on behalf of a Baker Act patient petitions this court for a writ of certiorari seeking review of an order discharging the public defender’s office from representing the patient in the Baker Act proceedings.
 

 
 *1166
 
 The public defender’s office was discharged as counsel for the patient upon an ore tenus motion by counsel for the patient’s guardian. The magistrate accepted the argument that because the patient had a plenary guardian, her rights had been transferred to her guardian and counsel for the guardian would represent her in the Baker Act proceedings. The patient was not present at the hearing and she did not have independent counsel. After hearing evidence, with the guardian’s consent, the patient was committed to a secure facility for thirty days.
 

 We grant this petition because the magistrate and the circuit court departed from the essential requirements of law in discharging the public defender’s office. Section 394.467(4), Florida Statutes (2011), requires appointment of the public defender’s office to represent the patient in involuntary civil commitment proceedings “unless the person is otherwise represented by counsel.” The guardian’s attorney represents the guardian, not the ward.
 

 Contrary to the guardian’s arguments, the ward retains a right to counsel. § 744.3215(1)(£), Fla. Stat. (2011);
 
 see also In re Beverly,
 
 342 So.2d 481, 489 (Fla. 1977). A guardian may not commit a ward to an institution pursuant to chapter 394 without formal placement proceedings. § 744.3215(4)(a), Fla. Stat. (2011). In addition, before a guardian may exercise “extraordinary authority,” which includes civil commitment under chapter 394, “the court must ... [a]ppoint an independent attorney to act on the incapacitated person’s behalf, and the attorney must have the opportunity to meet with the person and to present evidence and cross-examine witnesses at any hearing on the petition for authority to act.” § 744.3725(1), Fla. Stat. (2011). As this court has recognized in another context, the “guarantee of the assistance of counsel includes the right to counsel whose loyalty is not divided between clients with conflicting interests.”
 
 Toneatti v. State,
 
 805 So.2d 112, 114 (Fla. 4th DCA 2002).
 

 Although
 
 Handley v. Dennis,
 
 642 So.2d 115, 116-18 (Fla. 1st DCA 1994), addresses issues beyond the scope of this petition, we agree with the First District’s discussion of the role of the public defender in Baker Act proceedings:
 

 The Public Defender has a duty under the law to represent indigent mental patients in hearings to determine the need for continued involuntary placement. § 394.467(4)(e) and § 27.51(l)(d) Fla. Stat. (1991). In such cases, the duty of the Public Defender is a legal and professional duty that is owed to the patient as a client. The Public Defender serves as an independent advocate for the patient, not as a neutral party charged with the responsibility of determining the best interests of the patient or the needs of society.
 

 [[Image here]]
 

 Nothing in the guardianship law can change this obligation the Public Defender has to her client.
 

 [[Image here]]
 

 If the patient wishes to be released or transferred and if there is a basis for that request, the Public Defender has a duty to advocate the cause of the patient.
 

 [[Image here]]
 

 Likewise, the Public Defender may argue for the release [or] transfer of a Baker Act patient even if that is not the wish of the patient’s guardian.
 

 Petitioner is entitled to representation by independent counsel, free from any conflict of interest. She was denied this right. Accordingly, the circuit court order invol
 
 *1167
 
 untarily committing her and discharging the public defender’s office is quashed.
 

 Petition Granted.
 

 WARNER, CIKLIN and LEVINE, JJ„ concur.