626 So.2d 1024 (1993)
Lavell NIXON, and Bennett H. Brummer, as Public Defenders of the Eleventh Judicial Circuit of Florida, Petitioners,
v.
The Honorable Paul SIEGEL, as Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County, Respondent.
No. 93-37.
District Court of Appeal of Florida, Third District.
November 9, 1993.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for petitioners.
Robert A. Butterworth, Atty. Gen., and Richard S. Fechter, Asst. Atty. Gen., for respondent.
Before NESBITT, FERGUSON and COPE, JJ.
FERGUSON, Judge.
Nixon seeks an order, by petition for extraordinary relief, that the public defender's office be allowed to withdraw from representing him based on its certification of conflict of interest. We treat the petition for writ of mandamus as certiorari and quash the order denying the request for withdrawal.
The petitioner, charged with three violent felonies, was appointed an assistant public defender who was allowed to withdraw based on a certification of conflict pursuant to section 27.53(3), Florida Statutes (1993). The certificate alleged that the public defender's *1025 office had previously represented the State's main witness. Nixon was convicted on all three counts. On appeal we reversed in part and remanded for a new trial. On remand Nixon's specially-appointed private counsel moved to withdraw alleging hostility and irreconcilable differences between himself and the client. The trial court granted the motion to withdraw and reappointed the public defender's office.
As grounds for denying the public defender's renewed motion to withdraw based on the certification of conflict, the trial court reasoned: (1) the public defender's certificate of conflict is not conclusive on the question of whether there is a real conflict; and (2) whatever conflict may have existed terminated when the public defender's office concluded its representation of the State's witness.
In response to a certified question, the supreme court held in Babb v. Edwards, 412 So.2d 859, 862 (Fla. 1982), that once the public defender has determined conflict and has moved the court to appoint other counsel "section 27.53(3) clearly and unambiguously requires the trial court to appoint other counsel not affiliated with the public defender's office." The trial court is not permitted to reweigh those factors considered by the public defender in determining that there is a conflict in representing two adverse defendants. Further, it cannot be said as a matter of law that the conflict vanishes when the case of one of the adverse defendants is concluded. See Lightbourne v. Dugger, 829 F.2d 1012, 1023 (11th Cir.1987) ("An attorney who cross-examines a former client inherently encounters divided loyalties.").[1]
Certiorari is granted. The order denying the public defender's motion for the appointment of other counsel is quashed.
NOTES
[1] This case is also distinguishable from Bouie v. State, 559 So.2d 1113 (Fla. 1990). First, in this case, the public defender had certified a conflict based on a factual finding of hostilities. That certification was acted upon by the court in appointing private counsel. Second, in Bouie, there was no certification of conflict filed by the public defender. Further, as the supreme court noted in Bouie, the interests of Bouie and his former codefendant "were neither hostile nor adverse to one another." Id. at 1115.