644 So.2d 996 (1994)
James GUZMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 80750.
Supreme Court of Florida.
September 22, 1994.
Rehearing Denied November 21, 1994.
*997 James L. Rose of Rice and Rose, P.A., Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Margene A. Roper and Kenneth S. Nunnelley, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
James Guzman appeals his convictions for robbery with a deadly weapon and first-degree murder and his corresponding sentences, including his sentence of death for the first-degree murder conviction. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We find that the trial judge erroneously denied motions to withdraw filed by Guzman's counsel based on conflicts of interest between Guzman and other clients of the public defender's office. Because Guzman is entitled to conflict-free counsel under the Sixth Amendment to the United States Constitution, we conclude that we must reverse Guzman's convictions and sentences and remand this case for a new trial.
The body of the murder victim in this case, David Colvin, was discovered on August 12, 1991. On December 13, 1991, James Guzman was arrested for that murder. At trial, Guzman testified in his own behalf and denied that he killed the victim. The State produced circumstantial evidence connecting Guzman to the crime and produced two key witnesses who claimed that Guzman confessed to them that he committed the murder. The first witness was Guzman's ex-girlfriend; the second witness was a cellmate of Guzman's, Arthur Boyne. It is Boyne's testimony that is critical to the controlling issue in this case because that testimony is impacted *998 by motions to withdraw filed by the assistant public defender who represented Guzman.
The record reflects that, before trial, the assistant public defender representing Guzman filed a motion to withdraw, stating that an individual listed as a witness for the State, Paul James Rogers, Jr., was also represented by the public defender's office and that the interests of Rogers and Guzman were so adverse and hostile that neither of them could be counseled by the public defender because of irreconcilable conflicts of interest. A hearing was held by the trial judge as to the nature of the conflict. At the hearing, it was revealed that Rogers was a cellmate of Guzman's who, while he was being represented by the public defender, told the State that Guzman confessed to him regarding the instant crime. The State objected to the public defender's motion to withdraw on the basis that no irreconcilable conflict actually existed. The State further stated that, even if such conflict existed, any prejudice resulting from the conflict had been cured because new counsel had been recently appointed to represent Rogers. On these facts, the trial judge denied the motion. Rogers never testified against Guzman. Shortly before trial, however, the State announced that it would be calling Boyne, another cellmate of Guzman's, as a witness against Guzman. At that time, the assistant public defender representing Guzman again filed a motion to withdraw setting forth clear conflict. In that motion, the public defender stated that Boyne was scheduled to testify as a witness for the State against Guzman in the instant action; that irreconcilable conflict existed between Boyne and Guzman; that the public defender had represented Boyne in a previous case; that the public defender was presently representing Boyne in his appeal before the Fifth District Court of Appeal; and that the public defender's office had not received an unequivocal waiver of the attorney-client privilege from Boyne. After the motion was filed, the State assured the trial judge that Boyne had in fact waived the attorney-client privilege. The trial judge then denied the motion to withdraw.
At trial, the State was allowed to call Boyne as a witness to testify against Guzman. Boyne testified that Guzman told him that he killed the victim. On cross-examination, the public defender asked Boyne if he had ever told Guzman's public defender and another public defender that he would do anything he could to avoid being prosecuted for first-degree murder or in any way to mitigate the effect of that prosecution. Boyne denied making that statement. At this point, a bench conference was held at which the following information was disclosed. During the time Guzman's counsel was representing Guzman, he had also represented Boyne on a first-degree murder charge. Additionally, even though the public defender's office was no longer representing Boyne on the first-degree murder charge, it was still representing him on an appeal. Further, during the public defender's representation of Boyne on the first-degree murder charge, Boyne purportedly told Guzman's assistant public defender and another assistant public defender that he would do anything he could to keep from being prosecuted for first-degree murder or in any way to mitigate the effect of that prosecution. When Boyne denied making that statement at trial, Guzman's counsel was placed in the position of possibly becoming a witness against Boyne and of calling the other public defender to impeach Boyne. When Guzman's counsel indicated that he would need to call the other assistant public defender as a witness to impeach Boyne, the State objected on the grounds that the other assistant public defender had not been included on the witness list and moved to exclude the public defender as a witness. The trial judge responded:
Until such time as the witness is offered, I don't think I have to make that ruling.
If a witness such as this, undisclosed, is offered, I think could be offered on sort of rebuttal, but I don't think  I'm not making a ruling, but my feeling is if his name was not furnished by the defense to the state as a potential witness, they can't be used on the defense's case in chief.
After this bench conference, the assistant public defender did not attempt to call himself or the other public defender to testify at Guzman's trial.
*999 Guzman was convicted as charged and subsequently sentenced to death. Although Guzman raises a total of nineteen claims in this appeal, we find Guzman's claim that the trial judge erred in failing to allow the public defender to withdraw as his counsel in this case to be dispositive. Specifically, Guzman claims that, because the public defender's office was representing both Arthur Boyne and Paul James Rogers, Jr., at the same time the public defender's office was representing him, the public defender was erroneously precluded from withdrawing and, as a result, Guzman was denied the right to conflict-free counsel as required by the Sixth Amendment of the United States Constitution.
The law is well established that a public defender should be permitted to withdraw where the public defender certifies to the trial court that the interests of one client are so adverse or hostile to those of another client that the public defender cannot represent the two clients without a conflict of interest. Babb v. Edwards, 412 So.2d 859 (Fla. 1982). Moreover, once a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3), Florida Statutes (1991), a trial court must grant separate representation. Nixon v. Siegel, 626 So.2d 1024 (Fla. 3d DCA 1993). As the district court stated in Nixon, a trial court is not permitted to reweigh the facts considered by the public defender in determining that a conflict exists. This is true even if the representation of one of the adverse clients has been concluded. Id. at 1025. Consequently, in this case, once the public defender determined that a conflict existed regarding Guzman, the principles set forth in those cases required the trial judge to grant the motions to withdraw.
We can think of few instances where a conflict is more prejudicial than when one client is being called to testify against another. As seen by the facts set forth earlier in this opinion, Boyne was a key witness against Guzman. The State contends that Boyne's waiver of the attorney-client relationship was sufficient to cure any prejudice that might have been caused by the public defender's representation of both Boyne and Guzman. While such a waiver might have cured any conflict the public defender had insofar as its representation of Boyne was concerned, that waiver does not waive Guzman's right to conflict-free counsel. See also R. Regulating Fla.Bar 4-1.7(a) ("A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless: ... each client consents after consultation.") (emphasis added). As seen by the very situation that arose at the trial in this case, Boyne's waiver was unquestionably insufficient to cure the conflict as it affected both Guzman and the public defender's office itself. In this instance, the public defender was placed in the untenable position of having to decide whether he should become a witness in Guzman's trial to testify directly contrary to statements made to him by another client. Importantly, this type of testimony does not just affect this case; it could have broad ramifications on all criminal defense attorneys given that an attorney is prohibited from being a witness in a trial in which the attorney's client is a party. See R. Regulating Fla.Bar 4-3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client... .").
Boyne's testimony in this case was significant, particularly in view of the fact that Guzman testified on his own behalf and denied his participation in any respect with this robbery-murder. As such, we find that an actual conflict of interest and prejudice has been shown in this record and, consequently, that the denial of the motion to withdraw was reversible error. See Foster v. State, 387 So.2d 344 (Fla. 1980).
Because this case must be remanded for a new trial, we need not reach the remaining issues raised by Guzman. We note, however, that, in his second claim, Guzman asserts that the trial judge, over the objection of defense counsel, failed to include a part of a standard jury instruction in the penalty phase. We know that trial judges understand the sensitivity of the penalty phase of a death penalty case and the necessity of providing proper guidance to the jury *1000 in making its recommendation. By this opinion, we direct that trial judges fully instruct death penalty juries on all applicable jury instructions set forth in the Florida Standard Jury Instructions unless a legal justification exists to modify an instruction. If a legal need to modify an instruction exists, that need should be fully reflected in the record in accordance with Florida Rule of Criminal Procedure 3.985.
We are also concerned about Guzman's contentions that the trial judge erroneously limited the testimony of two of Guzman's witnesses and refused to allow Guzman to recall one of those witnesses. We emphasize that trial judges should be extremely cautious when denying defendants the opportunity to present testimony or evidence on their behalf, especially where a defendant is on trial for his or her life.
For the reasons expressed, we find that we must reverse Guzman's convictions for robbery with a deadly weapon and first-degree murder and his corresponding sentences, including his sentence of death for the first-degree murder conviction, and we remand this case for a new trial.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.