654 So.2d 639 (1995)
Forrest HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0468.
District Court of Appeal of Florida, Fourth District.
May 10, 1995.
Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ettie Feistmann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was found guilty of strongarmed robbery. Prior to the trial, appellant's counsel, an assistant public defender, filed a motion to withdraw pursuant to section 27.53(3), Florida Statutes (1993). The motion asserted that an irreconcilable conflict of interest existed because the public defender's office had represented the alleged victim, the state's witness in an unrelated case. The trial court denied the motion.
Section 27.53(3), Florida Statutes (1993), provides in pertinent part that:
(3) If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his staff without conflict of interest, or that none can be counseled by the public defender or his staff because of conflict of interest, it shall be his duty to move the court to appoint other counsel. The court may appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender, in his capacity as such, or in his private practice, to represent those accused.
The supreme court recently addressed section 27.53(3), Florida Statutes (1993), and stated that:
[O]nce a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3), Florida Statutes (1991), a trial court must grant separate representation... . [A] trial court is not permitted to reweigh the facts considered by the public defender in determining that a conflict exists. This is true even if the representation of one of the adverse clients has been concluded.
Guzman v. State, 644 So.2d 996, 998-999 (Fla. 1994) (citations omitted).
Following the dictates of Guzman, once the public defender determined that a conflict existed due to their office's prior representation of the alleged victim, the trial court was required to grant the motion to withdraw. Id. at 998-999. The "public defender's office is the functional equivalent of a law firm. Different attorneys in the same public defender's office cannot represent defendants with conflicting interests." Bouie v. State, 559 So.2d 1113, 1115 (Fla. 1990).
In this case, the public defender's office previously represented the alleged victim. *640 Appellant had an interest in discrediting the testimony of the alleged victim and the alleged victim had an interest in seeking retribution against appellant. These interests were directly adverse. See R. Regulating Fla. Bar 4-1.7(a). The trial court is not permitted to reweigh the facts considered by the public defender in determining if a conflict exists. Guzman, 644 So.2d at 998-999.
Finding clear error in the trial court's denial of the assistant public defender's motion to withdraw, we reverse and remand for a new trial and for the trial court to appoint counsel for appellant who is not affiliated with the public defender's office. Our resolution of this issue moots the other issues on appeal.
REVERSED AND REMANDED.
HERSEY, GLICKSTEIN and POLEN, JJ., concur.