POLEN, Judge.
Earline Banks appeals from the denial of her assistant public defender’s motion to withdraw, and her subsequent conviction and sentence for violation of probation. The public defender claimed a conflict of interest existed between his continued representation of appellant and his office’s previous representation of the victim. We reverse in accordance with this court’s prior opinion in Hope v. State, 654 So.2d 639 (Fla. 4th DCA 1995), and the supreme court’s opinion in Guzman v. State, 644 So.2d 996 (Fla.1994). In Guzman, the supreme court stated:
[O]nee a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3), Florida Statutes (1991), a trial court must grant separate representation.... [A] trial court is not permitted to reweigh the facts considered by the public defender in determining that a conflict exists. This is true even if the *420 representation of one of the adverse clients has been concluded.
These rules leave little doubt that the trial court should have granted the assistant public defender’s motion to withdraw. Accordingly, we reverse the denial of the motion, as well as appellant’s conviction and sentence. Upon appointment of a special public defender, if appellant is still qualified therefor, the state may retry her on the violation of probation charges.
STONE and SHAHOOD, JJ., concur.