JOANOS, Judge.
In this direct appeal from a conviction and sentence for robbery, appellant raises three issues, one of which requires reversal and remand for a new trial.
A few days before trial was scheduled to begin, appellant’s appointed public defender filed a motion to withdraw as counsel, certifying conflict based on information only recently acquired. The trial court denied the motion, rejecting the public defender’s argument based on Nixon v. Siegel, 626 So.2d 1024 (Fla. 3d DCA 1998), and determining that the court had the responsibility to go behind the certification of conflict and determine whether a conflict actually existed.
Subsequently, the supreme court issued its opinion in Guzman v. State, 644 So.2d 996, 999 (Fla.1994), in which it made specific reference to the pertinent language in Nixon:
[Ojnce a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3), Florida Statutes (1991), a trial court must grant separate representation. Nixon v. Siegel, 626 So.2d 1024 (Fla. 3d DCA 1993). As the district court stated in Nixon, a trial court is not permitted to reweigh the facts considered by the public defender in determining that a conflict exists. This is true even if the representation of one of the adverse clients has been concluded. Id. at 1025.
See also Banks v. State, 661 So.2d 419 (Fla. 4th DCA 1995); Hope v. State, 654 So.2d 639 (Fla. 4th DCA 1995).
Although section 27.53(3) speaks in terms of conflict arising “at any time during the representation of two or more indigents” (emphasis supplied), the court clearly stated in Guzman that it did not matter that the representation of one of the adverse clients had been concluded. Thus, we cannot distinguish the present case on the basis that the public defender’s representation of one of the clients with allegedly conflicting interests had been concluded by the time appellant’s ease came to trial.
Accordingly, the conviction and sentence are reversed and remanded for a new trial.
BOOTH and BENTON, JJ., concur.