ON APPELLANT’S MOTION FOR CLARIFICATION

PER CURIAM.
On appellant’s motion for clarification, we write to distinguish this case from Guzman v. State, 644 So.2d 996 (Fla.1994).
After a jury trial in 1995, appellant Mark Le Captain was convicted of burglary of a structure and petit theft. On the morning that the trial was to begin, the assistant public defender representing Le Captain orally moved to withdraw from the case due to a “potential conflict that [he] felt [he] had to bring to the court’s attention.” The reason for the request to withdraw was that the public defender’s office had represented a state’s witness on a previous charge in 1984. The trial judge asked defense counsel if he had personally represented the witness and if he was aware of any confidential communications from her, to which the attorney responded in the negative. Believing there to be no conflict, the court denied the motion to withdraw.
This case is not controlled by Guzman because the assistant public defender did not certify to the trial court “that the interests of one client are so adverse or hostile to those of another client that the public defender cannot represent the two clients without a conflict of interest.” 644 So.2d at 999; Butler v. State, 672 So.2d 653 (Fla. 4th DGA 1996). No conflict of interest surfaced at the trial. The public defender’s representation of the witness had ceased over a decade before the trial and the attorney was not possessed of any confidential information obtained from the witness which could have pertained to Le Captain’s trial. See Bouie v. State, 559 So.2d 1113, 1115 (Fla.1990).
GLICKSTEIN, WARNER and GROSS, JJ., concur.