701 So.2d 431 (1997)
Kenneth CROWE, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-2426.
District Court of Appeal of Florida, Fifth District.
November 14, 1997.
Joseph W. DuRocher, Public Defender, and Patricia A. Cashman, Assistant Public Defender, Orlando, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Respondent.

ON PETITION FOR WRIT OF CERTIORARI
ANTOON, Judge.
We grant the public defender's petition for certiorari and quash the trial court's order denying the public defender's motion to withdraw from its representation of the defendant. In its motion to withdraw, the public defender certified that it was required to withdraw because its office had earlier represented the victim of the defendant's crime and that adverse and hostile interests existed between the defendant and the victim. The trial court was required to grant the motion to withdraw without reweighing the facts giving rise to the public defender's determination that a conflict existed. See Guzman v. State, 644 So.2d 996 (Fla.1994).
Petition for Writ of Certiorari GRANTED; order QUASHED.
HARRIS, J., concurs.
DAUKSCH, J., concurs specially, with opinion.
DAUKSCH, Judge, concurring specially.
I concur with the result because the public defender, in boilerplate language, says that she is privy to confidential information "by way of verbal, nonverbal and written communications" with the victim in this murder case. Obviously her previous client will not testify so it is not exactly true "That the Public Defender is privy to confidential information and a vigorous cross-examination would require discrediting him with this information in contravention of the attorney-client privilege." Guzman v. State, 644 So.2d 996, 999 (Fla.1994) holds:

*432 The law is well established that a public defender should be permitted to withdraw where the public defender certifies to the trial court that the interests of one client are so adverse or hostile to those of another client that the public defender cannot represent the two clients without a conflict of interest. Babb v. Edwards, 412 So.2d 859 (Fla.1982). Moreover, once a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3), Florida Statutes (1991), a trial court must grant separate representation. Nixon v. Siegel, 626 So.2d 1024 (Fla. 3d DCA 1993). As the district court stated in Nixon, a trial court is not permitted to reweigh the facts considered by the public defender in determining that a conflict exists. This is true even if representation of one of the adverse clients has been concluded. Id. at 1025. Consequently, in this case, once the public defender determined that a conflict existed regarding Guzman, the principles set forth in those cases required the trial judge to grant the motions to withdraw.
Were I to review this case without the "benefit" of Guzman, I would affirm the trial judge based upon his reasoning.
The Court requested Assistant Public Defender Cashman to reveal in camera what they learned because of her office['s] representation of the late Mr. Jordan that would cause this conflict. Ms. Cashman declined the Court's request for an in camera review of the information received.
The issue presented by this case is whether the Office of the Public Defender is entitled to withdraw[ ] from the representation of the defendant in this case because of their previous representation of the victim without having to show to the Court an actual conflict in this case?
In the case at bar the former client is dead and is the victim of this homicide. It is to be noted that the former assistant public defenders who represented the victim are not the attorneys who represents the defendant in this case.
There was no evidence present to show that victim's death in this case was by any means related to any of the prior cases in which the Office of the Public Defender represented him nor was there any evidence presented to show that the homicide had any relationship to prosecution or defense of the victim. There was [no] evidence presented in court in camera to indicate what confidential information was obtained by the prior representation or in order to assist this new client, nor was there any evidence presented that would show that the Office of the Public Defender would be forced to choose between discrediting the former client through information learned in confidence, or foregoing vigorous cross-examination in an attempt to preserve the former client's attorney-client privilege since the client is dead.
The Office of the Public Defender has failed to demonstrate that an actual conflict exist or in this case and that this is a case of the interest of one client that is so adverse or hostile to the interest of another client such that the Public Defender cannot represent the two clients without a conflict of interest.
Reading Guzman strictly, the trial court is not permitted to question the verity or motive of the public defender even if reason and common sense dictates otherwise. For this reason, amongst all the others, the public defenders should not be unselective in certifying conflict, or otherwise rejecting representation. I hasten to add that the assistant public defender here, known to me as a good and trustworthy attorney, is not the object of my concern. It is the harsh and arbitrary rule in Guzman which takes all exercise of discretion from the trial judge in these instances. I would have a rule which would allow the trial court an in camera study of the circumstances in cases such as this one.