712 So.2d 455 (1998)
Karen COSTA, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-0761.
District Court of Appeal of Florida, Fourth District.
June 17, 1998.
*456 Richard L. Jorandby, Public Defender, and Jo Ann Barone, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine Thompson, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner, charged with concealing a child contrary to court order, is represented by the public defender's office. The child's father is the complaining party and is listed as a State witness. The father was previously represented by the public defender's office on five separate substance abuse charges. Prior to the filing of any motion to withdraw, the attorneys and the trial court discussed the public defender's possible conflict arising from this situation. The trial court found that there was no conflict because the father's substance abuse was not a defense to the instant charge. On motion of the State, the trial court agreed to exclude evidence of the substance abuse. The assistant public defender filed a motion to withdraw, certifying that an irreconcilable conflict existed between petitioner and the father based on confidential communications received from him regarding his substance abuse problems and his treatment of the child. The State agreed that a conflict necessitating withdrawal existed, but the trial court denied the motion. This petition for writ of certiorari followed.
We find that the trial court's order causes petitioner irreparable harm that cannot be remedied on final appeal, and constitutes a departure from the essential requirements of the law. See Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). The public defender's office should be allowed to withdraw upon certifying conflict. See Guzman v. State, 644 So.2d 996, 999 (Fla.1994) (citing Babb v. Edwards, 412 So.2d 859 (Fla.1982)). "[A] trial court is not permitted to reweigh the facts considered by the public defender in determining that a conflict exists." Guzman, 644 So.2d at 999; Hope v. State, 654 So.2d 639, 639 (Fla. 4th DCA 1995). Nor does the weighing of the facts which occurred prior to the filing of the public defender's motion in this case allow for a denial of the motion.
We grant the petition, quash the order denying the public defender's motion to withdraw, and remand for entry of an order granting said motion.
STONE, C.J., and STEVENSON and GROSS, JJ., concur.