715 So.2d 348 (1998)
Robert REARDON, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-1703.
District Court of Appeal of Florida, Fourth District.
August 12, 1998.
Richard L. Jorandby, Public Defender, and John Rivera and Margaret Good-Earnest, Assistant Public Defenders, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for respondent.
Daniel P. Hyndman, Assistant County Attorney, West Palm Beach, for Amicus Curiae Palm Beach County.
FARMER, Judge.
Petitioner is represented by the public defender on an aggravated battery charge. The public defender certified to the trial judge that he has a conflict of interest requiring withdrawal because his office also represented the alleged victim in this case at his arraignment on a charge of driving under the influence. The trial judge denied leave to withdraw. We grant certiorari, quash the order, and instruct the trial judge to appoint different counsel.
Section 27.53(3), Florida Statutes (1997), provides:
"If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of conflict of interest, it shall be the public defender's duty to move the court to appoint other counsel. The court may appoint one or more members *349 of The Florida Bar, who are in no way affiliated with the public defender, in his or her capacity as such, or in his or her private practice, to represent those accused.... The appointed attorney shall be compensated as provided in s. 925.036."
In Guzman v. State, 644 So.2d 996, 999 (Fla. 1994), the court held that:
"once a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3), Florida Statutes (1991), a trial court must grant separation representation."
Moreover, the Guzman court also held that a trial court is not permitted to reweigh the facts considered by the public defender in determining that a conflict exists, even if the representation of one of the clients has been concluded. Id.
In this case, the trial judge determined that the victim had been represented by an unidentified assistant public defender for just a couple of minutes, that the victim was no longer on probation, and that he therefore would not suffer any prejudice in being questioned by petitioner's attorney in the pending criminal case about the victim's use of alcohol; and similarly that the public defender could not impeach the victim with his misdemeanor DUI conviction. Moreover, the judge found that the victim had indicated that he would waive any possible conflict. Petitioner declined, however, to waive the conflict.
In sum the court found that the interests of the victim were not so adverse or hostile to those of petitioner that the public defender could not represent petitioner. The court reasoned that to allow a public defender to withdraw based on the type of limited representation that occurred here would place a burden on the taxpayers of Palm Beach County, who would then have to bear the cost of court-appointed counsel. It is conceivable, the court found, that the public defender's office would not be able to represent anyone in Palm Beach County, since arraignments in traffic offenses for which the public defender represents defendants run into the thousands.
While the trial court's concerns are understandable, we have no choice but to grant the petition and quash the trial court's order, as it is clear under Guzman that the trial court has no discretion in this matter. See, e.g., Costa v. State, 712 So.2d 455, 23 Fla. L. Weekly D1472 (Fla. 4th DCA June 17, 1998) (public defender's office should be allowed to withdraw upon certifying conflict); Hope v. State, 654 So.2d 639, 639 (Fla. 4th DCA 1995) ("Following the dictates of Guzman, once the public defender determined that a conflict existed ... the trial court was required to grant the motion to withdraw."); Crowe v. State, 701 So.2d 431, 432 (Fla. 5th DCA 1997) (Dauksch, J., concurring specially) (Guzman "takes all exercise of discretion from the trial judge in these instances.").
The State argues that while the trial court may not reweigh the facts, Holloway v. Arkansas, 435 U.S. 475, 487, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), provides that the trial court is not precluded from "exploring the adequacy of the basis of defense counsel's representations regarding a conflict of interest without improperly requiring disclosure of the confidential communications of the client." Presumably the Florida Supreme Court was aware of Holloway when it issued its opinions in Guzman and Babb v. Edwards, 412 So.2d 859 (Fla.1982), in which the Court stated that:
"the language in section 27.53(3) clearly and unambiguously requires the trial court to appoint other counsel ... upon certification by the public defender that adverse defendants cannot be represented by him or his staff without conflict of interest. The statute does not require the consideration and weighing of those factors suggested by the district court.... Since section 27.53(3) is clear and unambiguous, judicial interpretation is not appropriate to displace its expressed intent."
412 So.2d at 862. While Holloway did not as a matter of federal constitutional law preclude a trial court from "exploring" the adequacy of the basis of the conflict, Guzman clearly did so as a matter of Florida statutory law. We are bound to follow Guzman, which was based on the Florida Supreme *350 Court's authoritative construction of a state statute affording greater protection than the Sixth Amendment right to counsel. See Sapp v. State, 690 So.2d 581, 586 (Fla.), cert. denied, ___ U.S. ___, 118 S.Ct. 116, 139 L.Ed.2d 69 (1997) (states may afford greater protection to an individual than federal constitution does); Briggs v. Salcines, 392 So.2d 263, 266 n. 2 (Fla. 2d DCA 1980), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981) (because extent of attorney-client privilege is matter of state law, state court is not bound to follow United States Supreme Court's holding in this regard).
For these reasons there is no conflict with Holloway, and we decline to certify this case as involving an issue of great public importance. We believe the issue is settled as a matter of state law under Guzman and Babb. Any change in the manner in which a public defender's certification of conflict is treated by the trial courts and reviewed will have to come from the legislature.
DELL and STEVENSON, JJ., concur.