720 So.2d 559 (1998)
Vernon M. LESLIE, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 98-1924.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
Rehearing Denied October 7, 1998.
Richard L. Jorandby, Public Defender, and Kelly V. Landers and Margaret Good-Earnest, Assistant Public Defenders, West Palm Beach, for petitioner.
*560 Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner challenges the trial court's order denying the public defender's motion to withdraw and appoint conflict-free counsel. We grant the petition, quash the order, and direct the trial court on remand to grant the motion.
At the time the motion was filed and heard, the office of the public defender represented, on appeal, a state witness who was expected to testify against Petitioner at trial. The witness had entered a plea in his own case, while represented by conflict counsel because a codefendant of his was being represented by the public defender. The state disputed that an actual conflict existed due to the unlikelihood that any confidential communications would have taken place that could give rise to a conflict, the nature of appellate representation as being confined to the record and the law, and the probability that the public defender would be withdrawing from representation of the witness on appeal. After the petition for writ of certiorari was filed with this court, the public defender's motion to withdraw from representing the witness on appeal was filed and granted.
The state suggests that because the motion to withdraw was filed while the public defender had a conflict based on current representation of the witness, the petition should be denied without prejudice to the public defender's again moving to withdraw, if the public defender now can certify conflict as to the past representation of the witness. However, the trial court questioned the assistant public defender at the hearing on the motion as to what effect the public defender's withdrawal from representing the witness would have on the instant motion, and the assistant public defender represented that the conflict would still exist.
In view of the public defender's certification of conflict, the trial court had no discretion to do other than grant the motion; it may not reweigh the facts that gave rise to the public defender's determination that a conflict existed. See § 27.53(3), Fla. Stat. (1997); Guzman v. State, 644 So.2d 996 (Fla. 1994); Reardon v. State, 23 Fla. L. Weekly D1881, 715 So.2d 348 (Fla. 4th DCA 1998); Costa v. State, 712 So.2d 455 (Fla. 4th DCA 1998); Cankur v. State, 706 So.2d 944 (Fla. 4th DCA 1998); Banks v. State, 661 So.2d 419 (Fla. 4th DCA 1995); Crowe v. State, 701 So.2d 431, 431-32 (Fla. 5th DCA 1997) (Dauksch, J., concurring specially). Therefore, we grant the petition, quash the order on review, and remand for the trial court to enter an order granting the motion to withdraw.
FARMER, STEVENSON and GROSS, JJ., concur.