725 So.2d 1171 (1998)
Larry J. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1691.
District Court of Appeal of Florida, Fifth District.
December 18, 1998.
Rehearing Denied February 22, 1999.
*1172 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Senior Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Thomas appeals after being convicted of unlawful possession of a firearm by a violent career criminal, armed burglary of a dwelling, three counts of robbery with a firearm and attempted robbery with a firearm.[1] He argues the trial court erred by denying his motion for judgment of acquittal on the charge of attempted robbery, and that remarks by a state witness that Thomas was being chased by the police when he was arrested were so prejudicial he is entitled to a new trial. We find no merit to those arguments. However, the additional ground that the trial court erred in not allowing Thomas' trial counsel to withdraw based on a conflict is troubling.
Thomas was charged with unlawful possession of a firearm by a violent career criminal, armed burglary of a dwelling, three counts of robbery with a firearm and attempted robbery with a firearm. These charges arose from a night-time break in, and robbery of a condominium occupied by the Gardner family and a family friend, Jodie Molnar. Two men, at least one wearing a mask and gloves, wakened the occupants, told them to keep their heads down on their beds and rifled through their belongings. Less than an hour later, Thomas and his co-defendant were stopped for having a stolen vehicle. The police searched their vehicle and found a ski mask, gloves, numerous weapons and possessions belonging to the victims.
On March 4, 1997, James Sweeting was appointed by the court as defense counsel for Thomas.[2] Sweeting filed motions for discovery and received the state's witness list which included Jodie's name. Sweeting did not move to withdraw as Thomas' counsel until more than two months later, on May 27, 1997, at the beginning of Thomas' trial.
In his written motion to withdraw, Sweeting stated that Jodie's mother had worked for his law firm and that after she left, the Molnar family had retained his law firm to represent them in a lawsuit in which they were the defendants. Sweeting alleged that as the result of his contacts and relationship with the Molnar family, his loyalty to Thomas was impaired.
At the trial, Sweeting reaffirmed to the court that he was concerned because two of the victims, including Jodie, had not appeared for their depositions scheduled for the prior week. Sweeting stated that Jodie was the daughter of a former secretary at his office. Also, he told the court that his firm had represented Jodie's family in a construction case which had since been resolved. However, Sweeting did not reassert his allegation that he was in possession of any confidential information concerning the victim and/or her family which would impair his ability to represent Thomas or that he could not properly cross-examine the victim. The trial court denied the motion.[3]
Absent a clear abuse of discretion, a trial court's denial of a motion to withdraw by counsel should not be disturbed. Weems v. State, 645 So.2d 1098 (Fla. 4th DCA), rev. denied, 654 So.2d 920 (Fla.1995); Sanborn v. *1173 State, 474 So.2d 309 (Fla. 3d DCA 1985). Here the motion was made on the eve of trial long after Sweeting could have and should have asserted a conflict, if one truly existed. Sweeting was appointed to represent Thomas on March 4th, filed motions for discovery in March, and had received the state's witness list, but he did not move to withdraw until two months later.
As argued to the trial court, the conflict consisted solely of Sweeting's employment relationship with the victim's mother, at a time prior to the commission of the crime and trial and his firm's representation of the victim's family in a completed civil case. This is sufficiently attenuated as to make this case distinguishable from Guzman v. State, 644 So.2d 996 (Fla.1994) where the public defender had information that he could have given to impeach the state's chief witness, whom he had represented and his office was still representing and Crowe v. State, 701 So.2d 431 (Fla. 5th DCA 1997) where the public defender had asserted that she had earlier represented the victim of the crime, that hostile interests existed between the defendant and the victim, and that she was privy to confidential information told to her by the victim. Sweeting's cross-examination of the victim at trial was as vigorous as his cross-examination of another victim.
The conflict in this case did not involve representation of clients or former clients with competing interests. Rather the conflict arose from a personal relationship not shown to involve substantial emotional ties. In these circumstances, prejudice is not presumed and the defendant must demonstrate that he has been prejudiced in some way to establish reversible error. See People v. Lewis, 88 Ill.2d 429, 58 Ill.Dec. 743, 430 N.E.2d 994 (Ill.1981), cert. denied, 460 U.S. 1053, 103 S.Ct. 1501, 75 L.Ed.2d 932 (1983); Ex parte Bell, 511 So.2d 519 (Ala.Crim.App. Ct.1987).
Thomas has failed to show any acts or omissions by Sweeting which even remotely suggest that Sweeting was ineffective. Therefore we affirm.
AFFIRMED.
ANTOON, J., concurs specially with opinion.
DAUKSCH, J., dissents with opinion.
ANTOON, J., concurring.
I concur in the result reached by Judge Sharp, but write separately to emphasize that, in filing the motion to withdraw, defense counsel never asserted that an "actual conflict of interest" resulted from his representation of Mr. Thomas.
At the pretrial conference, after raising several other issues, defense counsel addressed his motion to withdraw, stating:
Finally, one last thing, Your Honor, to get on the record here. I've also indicated to Mr. Thomas, and I have prepared a Motion to Withdraw, the Court is aware of it, I've given a copy to everyone, that Jodie M[o]lnar, which is one of the victims in the case, as a matter of fact, one of the victims that didn't show up for the depositions last week, is, in fact, the daughter of the former secretary of our office. And we are concerned and wanted to make sure Mr. Thomas knows, before he goes forward, that there is a relationship between the mother of Jodie M[o]lnar, who is a victim in this case, and that relationship came as a result of her working with my office for about two and a quarter years. She separated from us, I believe, in '95. We have also had a case involvinga construction case involving [Ms. M[o]lnar's] father's law firm which has been resolved, it's not active at this time. I think Mr. Thomas needs to be aware of that and that that forms the basis of a motion to withdraw. We're concerned because I don't want to have to visit these issues in the future.
Nothing in either this statement or the motion to withdraw suggested that defense counsel had ever acted as the victim's attorney. Of course, defense counsel would have had an actual conflict if the interest of Mr. Thomas had been so adverse or hostile to the interest of another client that he could not represent both clients. See Guzman v. State, 644 So.2d 996, 997 (Fla.1994). However, the transcript of the hearing on defense counsel's motion to withdraw does not reveal any such a conflict.
*1174 I agree with Judge Dauksch that grounds, other than an "actual conflict," may exist which may require withdrawal, but no such grounds were asserted here. See Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996). Instead, it appears to me that, by filing the motion to withdraw, defense counsel was merely disclosing to the defendant his relationship with the victim's parents in order to discharge what he considered to be his ethical duty, and to avoid the issue from arising during postconviction proceedings. Given the argument of defense counsel, the trial court's denial of the motion to withdraw was not reversible error. 97-1691
DAUKSCH, J., dissenting.
I respectfully dissent.
Appellant should be given a new trial with a new lawyer. When Mr. Sweeting, a lawyer known to me to be a good, trustworthy, aggressive and competent lawyer, says he feels the need to withdraw because of a conflict of interest in representing a client, then that declaration should be honored virtually without question. It was error for the trial judge to have refused to do so; compounded by the majority's willingness to overlook the serious sixth amendment violation.
NOTES
[1] §§ 790.235, 810.02, 812.13, 777.04(1), Fla. Stat.
[2] Since Sweeting was appointed as a Special Public Defender, he is subject to the same "conflict" rules as govern Public Defenders.
[3] Mr. Sweeting also emphasized he wanted his client, Thomas (who was present in the courtroom) to know those facts before he proceeded in the case. The trial judge thought his ruling was one of law and thus he did not ask for Mr. Thomas' opinion. Had he done so, that might have avoided this appeal.