PER CURIAM.
Petitioner is represented by the public defender in two criminal cases. The public defender certified to the trial judge that he has a conflict of interest requiring withdrawal in both cases because his office represents a woman who is named as a state witness in only one of the cases. The trial judge permitted withdrawal in the case in which the woman had been named as a witness, but denied leave to withdraw in the other case. The Florida Supreme Court’s decision in Guzman v. State, 644 So.2d 996 (Fla.1994), leaves us no choice but to grant the petition. Guzman makes it clear that under section 27.53, Florida Statutes, the trial court had no discretion in this matter. See also Leslie v. State, 720 So.2d 559, 23 Fla. L. Weekly D2092 (Fla. 4th DCA 1998); Filan v. State, 720 So.2d 549, 23 Fla. L. Weekly D1880 (Fla. 4th DCA 1998); Reardon v. State, 715 So.2d 348 (Fla. 4th DCA 1998).
We grant certiorari, quash the order denying leave to withdraw, and instruct the trial judge to appoint different counsel. As we did in Reardon, we conclude that any other result would require a legislative change and again decline to certify the question as a matter of great public importance.
GUNTHER, GROSS, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.