PER CURIAM.
We reverse Appellant’s conviction for battery on a law enforcement officer. The trial court erred by denying defense counsel’s motion to withdraw based upon a conflict of interest.
Once a public defender moves to withdraw under section 27.53(3), Florida Statutes, from the representation of a client based on a conflict arising from adverse or hostile interests between two clients, the trial court must grant separate representation. See Guzman v. State, 644 So.2d 996, 999 (Fla.1994). A trial court is not permitted to re-weigh the facts consid *712 ered by the public defender in determining that a conflict exists. See id.
Here, counsel categorically stated in his motion to withdraw that he had an irreconcilable conflict due to his representation of the mother of a victim in a separate case against Appellant. We recognize that in light of counsel’s certification of conflict, the trial court had no discretion to deny the motion. See, e.g., Leslie v. State, 720 So.2d 559 (Fla. 4th DCA 1998); Reardon v. State, 715 So.2d 348 (Fla. 4th DCA 1998); Cankur v. State, 706 So.2d 944 (Fla. 4th DCA 1998). Moreover, we do not find that Appellant waived the conflict of interest issue.
All other issues raised are moot. We reverse and remand for a new trial.
STONE, C.J., WARNER and GROSS, JJ., concur.