PER CURIAM.
Arnold Blackwood timely appeals from the denial of his motion to withdraw his plea of guilty to aggravated battery, and resulting sentence of forty-nine months in prison. He argues the trial court erred in not granting his motion to withdraw his plea based on his counsel’s actual conflict of interest. We agree in part and reverse.

Facts

On February 20, 1998, the Office of the Public Defender filed a motion to withdraw from representing Blackwood, and to appoint conflict-free counsel. The Office contended that it had a conflict of interest because it had represented Blackwood’s alleged victim in a prior case. At the hearing that followed, Blackwood’s counsel indicated to the court that his office was trying to resolve Blackwood’s case and, therefore, that he wanted to “hold off’ on the motion to withdraw. In fact, the public defender never renoticed the motion for hearing.
After several continuances, Blackwood’s counsel proceeded with the plea and sentencing hearing on April 13, 1998. Black-wood pled guilty to aggravated battery with a deadly weapon causing bodily harm, as charged. The court adjudicated him guilty, imposed costs, and sentenced him to forty-nine months in prison.
On May 13, 1998, still represented by the same public defender, Blackwood filed a motion to correct his sentence and withdraw his plea. At the hearing that followed, his counsel argued that the court was apprized of the conflict that the Public Defender’s office had at the time Black-wood entered his plea and, as such, the court should have appointed Blackwood conflict-free counsel. The court denied the motion.
Blackwood appealed to this court, and upon motion, we relinquished jurisdiction so that the trial court could appoint independent counsel to represent him. The trial court then appointed Blackwood independent counsel.

Merits

Section 27.53(3), Florida Statutes (1997), provides, in pertinent part,
If at any time during the representation of two or more indigents the public defender shall determine that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of conflict of interest, it shall be the public defender’s duty to move the court to appoint other counsel. The court may appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender, in his or her capacity as such, *701 or in Ms or her private practice, to represent those accused....
§ 27.53(3), Fla. Stat. (1997). In Guzman v. State, 644 So.2d 996 (Fla.1994), the court held that “once a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients, under section 27.53(3), Florida Statutes ..., a trial court must grant separate representation.”. Id. at 999. In other words, the trial court has no discretion and must grant such motions to withdraw. See Leslie v. State, 720 So.2d 559 (Fla. 4th DCA 1998) (citations omitted); see also Hope v. State, 654 So.2d 639, 639 (Fla. 4th DCA 1995)(“Following the dictates of Guzman, once the public defender determined that a conflict existed ... the trial court was required to grant the motion to withdraw.”)
The state argues that Guzman and its progeny are distinguishable because the public defender essentially withdrew his initial motion to withdraw in an effort to plead out Blackwood’s case. Based on our review of the record, we agree. The trial court simply was never presented with an occasion to rule on the motion.
Nevertheless, we still reverse. Once the motion to withdraw the plea was made after sentencing, the trial court under Guzman, at a minimum, should have appointed Blackwood new counsel to hear the motion. Instead, the public defender was placed in the “impossible” position of attempting to argue the motion to withdraw the plea even though he certified that he had a conflict of interest in representing Blackwood. Accordingly, we reverse and remand this case to the trial court to conduct such a hearing with conflict-free counsel appointed to represent Blackwood.
REVERSED and REMANDED.
STONE and GROSS, JJ., concur.