WHATLEY, Judge.
James Powell appeals his conviction of grand theft. He raises several issues, but we find merit only in his argument that the trial court erred in denying the public defender’s motion to withdraw. We reverse.
In the motion to withdraw, the public defender certified conflict based on the following facts. He had honored Powell’s request to set up a meeting with a customs agent to discuss cigar smuggling by a particular individual. At the meeting, it became clear that the individual was also in the county jail where Powell was an inmate. The public defender contacted the jail and learned that the individual was being held on a federal charge. The public defender assumed that the individual did not have a local attorney. Later in the meeting, it became apparent that there were local charges against the individual, and the public defender learned that another attorney from his office was representing the individual. The two attorneys later discussed conflicts and motions to withdraw. The individual’s public defender informed him not to talk to Powell because Powell was going to give information about him. The individual confronted Powell. Powell asked his public defender whether he should file a grievance against either of the public defenders, whether he should testify against the individual, and whether he should continue his conversations with customs to make a deal against the individual in federal court.
*663 The trial court denied the motion to withdraw on the grounds that the public defender had created the conflict and that to grant the motion would do a far greater disservice to Powell, who had been represented by the public defender’s office for over a year and whose trial was scheduled to begin in a couple of weeks. This was error.
[O]nce a public defender moves to withdraw from the representation of a client based on a conflict due to adverse or hostile interests between the two clients under section 27.53(3), Florida Statutes (1991), a trial court must grant separate representation.... [A] trial court is not permitted to reweigh the facts considered by the public defender in determining that a conflict exists.
Guzman v. State, 644 So.2d 996, 999 (Fla.1994) (citations omitted; emphasis in original).
Accordingly, we reverse Powell’s conviction and sentence and remand for proceedings consistent with this opinion.
Reversed and remanded.
PARKER, A.C.J., and STRINGER, J., Concur.