757 So.2d 1284 (2000)
Alberto DELAROSA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0826.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rajeev Saxena, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The Defendant challenges the order revoking his probation order, arguing that he is entitled to a new revocation hearing due to the trial court's failure to inquire about defense counsel's conflict of interest. We agree and reverse.
At the beginning of the revocation hearing, defense counsel told the court he had information bearing upon the voluntariness of the Defendant's confession to substantive criminal charges that formed the basis of the probation violation affidavit. The trial court never questioned the Defendant about whether he wanted defense counsel to withdraw so he could present him as a witness at the revocation hearing, or whether he wanted to waive his right to conflict-free counsel.
The Defendant testified he confessed to the substantive crimes because he believed he had been offered immunity. The trial court rejected his testimony, found he knowingly and voluntarily confessed, and admitted his confession into evidence. At the hearing's conclusion, the trial court revoked the Defendant's probation, finding *1285 he violated his probation by committing substantive criminal offenses.
As a potential witness on a material issuethe voluntariness of the Defendant's confession to substantive criminal charges that formed the basis of the revocation of probationdefense counsel had an actual conflict of interest in this case. See Guzman v. State, 644 So.2d 996 (Fla. 1994). Defense counsel's continued representation of the Defendant throughout the revocation proceedings prejudiced the Defendant because it interfered with his right to present all relevant evidence. See Larzelere v. State, 676 So.2d 394 (Fla.1996). Because there was an actual conflict of interest and a showing of prejudice, the trial court should have questioned the Defendant about whether he wished to waive his right to conflict-free counsel and proceed with the revocation hearing. See Blackwood v. State, 755 So.2d 699 (Fla. 4th DCA 1999). By failing to ensure the Defendant understood the implications of proceeding with defense counsel as his attorney and by failing to secure a valid waiver from the Defendant, the trial court committed reversible error. Accordingly, we reverse and remand for a new probation hearing with either conflict-free counsel or a waiver of conflict.
REVERSED AND REMANDED.
WARNER, C.J., GUNTHER and STEVENSON, JJ., concur.