763 So.2d 1175 (2000)
Pablo VALLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-3854.
District Court of Appeal of Florida, Fourth District.
January 26, 2000.
*1176 Richard L. Jorandby, Public Defender, and Debra A. Chandler, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
The public defender who represents petitioner filed a motion to withdraw because of a conflict arising from the public defender's prior representation of two witnesses for the state. The trial court denied the motion to withdraw and the public defender seeks a writ of certiorari. We have jurisdiction. Reardon v. State, 715 So.2d 348 (Fla. 4th DCA 1998), rev. denied, 743 So.2d 15 (Fla.1999); Roberts v. State, 345 So.2d 837 (Fla. 3d DCA 1977). We grant the petition.
*1177 Petitioner is charged with manslaughter by culpable negligence as well as other crimes arising out of an accident. Two passengers in the petitioner's car were injured in the accident and will be state witnesses against petitioner. The witness/victims were previously represented by the public defender's office. One of them was represented from beginning to end on two felonies including subsequent charges of violation of community control. The latest representation was a 1998 case which was closed "recently."
The public defender filed a motion to withdraw asserting the conflict. At the hearing on the motion, the trial court learned that the assistant public defender representing the petitioner had not represented the witness/victims or obtained any confidential information from their files. The court ordered her not to look at the files and denied the motion to withdraw.
Under Guzman v. State, 644 So.2d 996, 999 (Fla.1994), courts must allow withdrawal when the public defender certifies "that the interests of one client are so adverse or hostile to those of another client that the public defender cannot represent the two clients without a conflict of interest." In Guzman our supreme court was construing section 27.53(3), Florida Statutes (1991), and that opinion left trial courts with no discretion when a public defender filed a motion to withdraw alleging conflict. Reardon and cases cited. The statute was recently amended by the addition of the following language:
The court shall review and may inquire or conduct a hearing into the adequacy of the public defender's representations regarding a conflict of interest without requiring the disclosure of any confidential communications. The court shall permit withdrawal unless the court determines that the asserted conflict is not prejudicial to the indigent client.
Ch. 99-282, § 1, at 3084, Laws of Fla. The state asserts, and we agree, that this amendment abrogates Guzman.
The public defender argues that the amendment is unconstitutional because it violates Article V, section 2 of the Florida Constitution providing that the "supreme court shall adopt rules for the practice and procedure in all courts." We do not agree. Section 18 of the same article provides that public defenders "shall perform duties prescribed by general law." The legislature thus had the authority to adopt the amendment.[1]
The public defender also asserts that the amendment violates the due process, equal protection, and right to counsel clauses of both the Florida and the United States Constitution; however, the public defender has not supported those assertions with any persuasive authority, and we find them to be without merit.[2]
Having concluded that Guzman is no longer controlling and that trial courts can inquire into the adequacy of the motion alleging conflict, we proceed to the substance of the motion. In Hope v. State, 654 So.2d 639 (Fla. 4th DCA 1995), as in the present case, the public defender moved to withdraw from representing the defendant because of previous representation of the victim of the crime. Although *1178 this court relied on the mandatory requirement of Guzman to grant withdrawal where a conflict is certified, this court also reasoned that the defendant "had an interest in discrediting the testimony of the alleged victim and the alleged victim had an interest in seeking retribution against appellant. These interests were directly adverse." Id. at 639-40 (citing R. Regulating Fla. Bar 4-1.7(a)). The fact that the representation of the adverse client has been concluded does not necessarily eliminate the conflict. Guzman; Nixon v. Siegel, 626 So.2d 1024 (Fla. 3d DCA 1993); Mincey v. State, 666 So.2d 954 (Fla. 1st DCA 1996).
In Reardon v. State, 715 So.2d at 348, the prior representation of a witness by the public defender had been very brief, and the trial court had denied the motion to withdraw. On certiorari we sympathized with the trial court's intentions but found that we had no alternative but to quash the order because of Guzman. We observed that any change in this area of the law would have to come from the legislature. The public defender points out that the comments to the committee notes to House Bill 327, amending section 27.53(3), Florida Statutes, which were issued June 14, 1999, shows that the amendment was a response to Reardon. The public defender argues, however, that the prior representation of one of the witnesses in the present case, through the conclusion of felony charges and violations of community control, was far more substantial than the prior representation in Reardon. We agree. The trial court should have granted the motion to withdraw in this case.
The trial court thought that it could solve the problem of the conflict by ordering the assistant public defender assigned to petitioner not to look at anything in the files of the witness/victims. In Babb v. Edwards, 412 So.2d 859 (Fla.1982), however, our supreme court held that this is not an acceptable solution to conflicts in public defender's offices. See also Bouie v. State, 559 So.2d 1113, 1115 (Fla.1990)("the public defender's office is the functional equivalent of a law firm. Different attorneys in the same public defender's office cannot represent defendants with conflicting interests.").
We therefore quash the order denying the motion to withdraw.
DELL and FARMER, JJ., concur.
NOTES
[1] In making this constitutional argument the public defender may have overlooked the fact that Guzman was grounded on the former version of the same statute. If the amendment is unconstitutional because it invades the rule making power of our supreme court, the former version would be unconstitutional for the same reason, and that would leave the public defender without the precedent of Guzman in any event.
[2] We note that the language in the amendment allowing the court to inquire as to the substance of the conflict, bears a strong resemblance to a statement in Holloway v. Arkansas, 435 U.S. 475, 487, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), to the effect that trial courts are not precluded from "exploring the adequacy of the basis of defense counsel's representations regarding a conflict of interest without improperly requiring disclosure of the confidential communications of the client."