760 So.2d 985 (2000)
James STOUDIMIRE, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D00-811.
District Court of Appeal of Florida, Fifth District.
June 7, 2000.
*986 Joseph W. Durocher, Public Defender, and Don Waggoner, Assistant Public Defender, Kissimmee, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Respondent.
THOMPSON, C.J.
James Stoudimire petitions this court for a writ of certiorari arguing that the trial court departed from the essential requirements of the law when it denied the public defender's motion to withdraw. We grant the petition and quash the trial court's order.
Stoudimire was charged with fleeing or eluding an officer and resisting an officer without violence. The public defender was appointed at Stoudimire's arraignment. The charge arose from a car chase which occurred on 27 December 1999. Although Darren J. Phelps was in the car being chased by police, he was not charged with any crime arising from that incident. Phelps, however, had been appointed the public defender on 19 November 1999 for a similar crime. When the public defender realized that it had previously been appointed to represent Phelps, it moved to withdraw from Stoudimire's case. The trial court denied the motion to withdraw finding no prejudice to Stoudimire.
Section 27.53(3), Florida Statutes (1999) reads:
(3) If, at any time during the representation of two or more indigents, the public defender determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of conflict of interest, the public defender shall file a motion to withdraw and move the court to appoint other counsel. The court shall review and may inquire or conduct a hearing into the adequacy of the public defender's representations regarding a conflict of interest without requiring the disclosure of any confidential communications. The court shall permit withdrawal unless the court determines that the asserted conflict is not prejudicial to the indigent client. If the court grants the motion to withdraw, it may appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender, in his or her capacity as such, or in his or her private practice, to represent those accused.
Pursuant to the recently amended statute, the trial court shall permit withdrawal unless the court determines that the asserted conflict is not prejudicial to the indigent client. The issue before us is whether the representation of Phelps is prejudicial to Stoudimire. Phelps' earlier charges appear unrelated to Stoudimire, but Phelps was involved in the incident for which Stoudimire was charged. Stoudimire's arrest report indicates that Phelps was the passenger, and Phelps stated that Stoudimire traded the car for crack cocaine. At the hearing on the motion to withdraw, the public defender stated that a possible defense for Stoudimire might be to implicate Phelps as the driver. The court found no prejudice based on the assertion by the public defender and the state that Phelps would probably not be called as a witness. However, Stoudimire's right to conflict-free counsel applies to the pre-trial stage in developing defenses. The trial court should have allowed the public defender to withdraw because the public defender has shown prejudice in the representation of both Stoudimire and Phelps, where Stoudimire has a viable defense by implicating Phelps. Compare Valle v. State, 25 Fla. Law Weekly D260, ___ So.2d ___, 2000 WL 60916 (Fla. 4th DCA Jan.26, 2000).
PETITION GRANTED, ORDER QUASHED.
DAUKSCH and COBB, JJ., concur.