758 So.2d 1285 (2000)
Julius DOUGLAS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-1445.
District Court of Appeal of Florida, Fourth District.
June 14, 2000.
Richard L. Jorandby, Public Defender, and Adrienne Ellis, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant the petition for writ of certiorari and quash the trial court's order of May 1, 2000 denying the public defender's motion to withdraw. See Valle v. State, 25 Fla. L. Weekly D260, ___ So.2d ___, 2000 WL 60916 (Fla. 4th Jan. 26, 2000).
DELL and TAYLOR, JJ., concur.
GROSS, J., concurs specially with opinion.
GROSS, J., concurring specially.
I concur because I cannot distinguish this case from Valle v. State, 25 Fla. L. Weekly D260, ___ So.2d ___, 2000 WL 60916 (Fla. 4th DCA Jan.26, 2000), cited by the majority. In Valle, a witness/victim had been represented "from beginning to end" by the public defender's office on two felonies, including charges of violation of community control; the most recent representation was a 1998 case. Id. at D260, at ___. In this case, the public defender's office represented the victim in a 1998 prosecution for public assistance fraud, wherein she pled guilty and was sentenced.
I believe that the amendment to section 27.53(3), Florida Statutes (1999), was enacted to force closer scrutiny of the public defender's assertion of a conflict of interest. The statute vests some discretion in the trial court to deny withdrawal where "the court determines that the asserted conflict is not prejudicial to the indigent client." On this record, absent Valle, I *1286 would hold that the trial court did not abuse its discretion.
The discretion that section 27.53(3) intended to give a trial court has been limited by our rigid, overbroad application of language in Bouie v. State, 559 So.2d 1113, 1115 (Fla.1990), which mandates that a "public defender's office is the functional equivalent of a law firm." Our use of Bouie prevents a trial court from evaluating prejudice under section 27.53(3) from the standpoint of the assistant public defender representing a defendant, as opposed to the office as a whole. This issue may be ripe for reconsideration en banc.