761 So.2d 475 (2000)
Booker MARTIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-1172.
District Court of Appeal of Florida, Fourth District.
June 28, 2000.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
The public defender who represents petitioner filed a motion to withdraw because of a conflict arising from the public defender's prior representation of a witness for the state. The trial court denied the motion to withdraw, and the public defender seeks a writ of certiorari. We have jurisdiction. Valle v. State, 763 So.2d 1175 (Fla. 4th DCA 2000). We deny the petition.
Under Guzman v. State, 644 So.2d 996 (Fla.1994), trial courts had no discretion to inquire into the merits of public defenders' claims of conflict of interest; however, as we explained in Valle, Guzman has been abrogated by the recent amendment to section 27.53(3), Florida Statutes (1999), which authorizes courts to inquire "into the adequacy of the public defender's representations regarding a conflict of interest." Ch. 99-282, § 1, at 3084, Laws of Fla.
The public defender relies on Valle, in which we held that the motion to withdraw should have been granted; however, we find Valle distinguishable from the present case.
*476 Valle was charged with manslaughter by culpable negligence as a result of an accident, and two passengers in Valle's car were injured and were going to be prosecution witnesses against Valle. Both of the witnesses had previously been represented by the public defender's office, one on a 1998 case which was closed "recently." In Valle, as well as a case we relied on in Valle, Hope v. State, 654 So.2d 639 (Fla. 4th DCA 1995), the witnesses for the prosecution were both victims of the crime, and "had an interest in seeking retribution." Hope, 654 So.2d at 639-40 (citing R. Regulating Fla. Bar 4-1.7(a)).
Although we found the allegations of conflict sufficient to require the granting of the public defender's motion to withdraw in Valle, the conflict alleged in the present case does not require it. First, unlike in Valle, the witness in the present case was merely an eyewitness, not a victim. He did not have an interest adverse to petitioner, as did the witness/victim in Valle. Second, all that the public defender alleged in the present case, in regard to its prior representation, was that it had represented the witness in two cases filed in 1996 and one case filed in 1997. There is no information in this record showing the substance of the representation or when it terminated. For all we know it could have terminated three years before this motion to withdraw, which was filed in March, 2000.
The public defender, as the movant, had the burden of demonstrating the conflict of interest. We agree with the trial court that the prior representation of the witness alleged in this case did not require the public defender's office to withdraw. We deny the petition.
FARMER and SHAHOOD, JJ., concur.