767 So.2d 621 (2000)
Juan RODRIGUEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-1799.
District Court of Appeal of Florida, Fourth District.
September 20, 2000.
Richard L. Jorandby Public Defender, and Philadelphia Beard, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie A. Dale, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Juan Rodriguez (Petitioner) seeks a writ of certiorari quashing the trial court's order denying his assistant public defender's motion to withdraw. Based on the decisions cited herein, we have jurisdiction, grant the petition and quash the order below.
Petitioner is charged with aggravated battery and battery on a law enforcement officer in two separate cases. In the first case, Petitioner is accused of assaulting Pedro Vargas in the head with a stick. In the second case, Petitioner, after being apprehended by police in a Publix grocery store, allegedly broke free of the officer, pushed him and attempted to flee. Vargas observed the incident. As such, Vargas is both a victim and a State witness in these separate cases.
The assistant public defender sought to withdraw as counsel for Petitioner because her office's prior representation of Vargas in 1995 and 1997 on separate drug possession felony charges presented a conflict of interest. Because the assistant public defender herself did not represent Vargas and had not gained any confidential information about him in the prior representation, the trial court found no actual conflict existed and denied counsel's motion to withdraw.
Our previous decisions require reversal of the trial court's order where the former client is a victim. In Valle v. State, 763 So.2d 1175 (Fla. 4th DCA 2000), the public defender represented a petitioner charged with vehicular manslaughter. The two injured passengers, having been previously represented by the public defender's office in another matter, were both witnesses for the State, as well as victims. The public defender's office had substantially represented one of the witness/victims as a defendant through the conclusion of felony charges and on a violation of community control charge. When the public defender alleged conflict and moved to withdraw, the court denied the motion and ordered her not to look at the files. We concluded the trial court should have granted the public defender's motion to withdraw. See also Douglas v. State, 758 So.2d 1285 (Fla. 4th DCA 2000)(quashing the order of the trial court denying the public defender's motion to withdraw when the public defender's office represented the victim in a 1998 prosecution for public assistance fraud) and Bedford v. State, 765 So.2d 846 (Fla. 4th DCA 2000)(permitting the public defender to withdraw where the State's witness/victim had been represented by the public defender.)
We have not reached the same conclusion where the former client is a witness. In Martin v. State, 761 So.2d 475 (Fla. 4th DCA 2000), the public defender sought to withdraw because the State's witness was a former client. We concluded that since the former client was merely an eyewitness and not a victim, he did not have an interest adverse to the petitioner, unlike the witness/victim in Valle. Therefore, we *622 agreed with the trial court that the prior representation of the witness did not require the public defender's office to withdraw and denied the petition.
In the case sub judice the former client of the public defender's office is both a victim in one case and a prosecution witness in the other. The question, then, is whether the allegations of conflict in this petition are sufficient to require the granting of the public defender's motion to withdraw in both cases. In the case where the former client is a victim, he will have an interest in seeking retribution against Petitioner. See Valle. We do not believe the former client would behave any less adverse to the Petitioner simply because he is a witness. As a witness, he too will have an interest in seeking retribution against Petitioner. Of course, Petitioner will have an interest in discrediting the testimony of the alleged victim and the alleged witness. These interests are adverse and the public defender's office is faced with a conflict of interest.
Accordingly, we grant the petition and quash the order denying the public defender's motion to withdraw.
GUNTHER, FARMER and STEVENSON, JJ., concur.