SHAHOOD, J.
Appellant, Christopher Moore, appeals from his judgment of conviction and sentence on the charge of aggravated assault with a firearm on Alonzo White. We reverse and remand for a new trial, specifically vacating the trial court’s order denying public defender’s motion to withdraw based on Valle v. State, 763 So.2d 1175 (Fla. 4th DCA 2000), and direct the trial court to appoint conflict-free counsel.
In this case, the assistant public defender moved to withdraw and to appoint conflict-free counsel on the grounds that the Office of the Public Defender had a substantial and continuing conflict of interest precluding it from representing appellant in that it had previously represented the victim, Alonzo White, in two felony cases. The court granted the motion, as well as the state’s motion to transfer the case to another trial judge’s division. Upon transfer, the new trial judge vacated the order granting the motion to withdraw and ordered a hearing on the merits.
*206 At the hearing, the assistant public defender explained that the Office of Public Defender had twice represented the victim and that there was information contained within those files that might arise as a conflict within this particular matter. In its oral ruling, the court denied the motion finding there to be no actual conflict and directed the assistant public defender not to create a conflict by looking at the victim’s files. In a written order denying the motion, the trial court held that both prior cases in which the public defender had represented White were closed, that the assistant public defender assigned to appellant’s case had not represented the victim in either case, had not reviewed the closed files, and did not have any information relating to the victim gained from the Office’s prior confidential relationship with the victim. The court further held that because it would be improper to delve into those files to seek confidential information relating to the former client, the asserted conflict was neither prejudicial to appellant nor White.
In an amended motion to withdraw and appoint conflict-free counsel, the assistant public defender alleged an actual conflict of interest in representing appellant where it had previously represented the victim, who was listed on the state’s discovery as a witness in this case. It explained that interests of these clients were adverse, and thus, there existed an actual conflict. The assistant public defender explained that it owed a continuing duty of loyalty to White and that its prior representation raised an irrebuttable presumption that confidential communications have occurred. It would be improper to require “counsel to ignore privileged communications in order to investigate and impeach Mr. White or cross[-]examination of him that is required by zealous representation of another, inevitably introduces into the attorney-client relationship an adversarial element which cannot be reconciled with the duty of providing effective assistance of counsel. It will also undermine counsel’s continuing duty of loyalty to Mr. White.”
Following a hearing on the renewed motion, the court again denied the motion to withdraw. In its order, the court noted that notwithstanding the assertion that there was an irrebuttable presumption that communications had occurred, the court found the presumption rebuttable and that the facts showed that no confidential information had been gained. Thus, the asserted conflict was prejudicial to neither appellant nor the previous client, the victim.
At trial, White, explained that his fian-cée was the mother of appellant’s children and that she and the children lived with White. On October 31, 1999, appellant picked up his children at White’s house, when White was not at home. White and his fiancée then went to pick up the children at appellant’s house. White waited in his truck as his fiancée went to get the children. According to White, appellant approached White’s truck and appellant told him not to go around his house or he would kill him. White then drove his truck down the street to wait. Shortly thereafter, appellant fired shots at White’s truck, telling him he was going to kill White.
White’s fiancée testified that she had given appellant permission to take the kids for the weekend and when White came home, he was upset that appellant had the children and wanted to go get them. When they arrived at appellant’s house, the two men argued over the children and according to the fiancée, White initiated the fight. After they left appellant’s house, she heard a popping sound, but did not see a gun or hear anything strike White’s truck.
*207 Appellant testified that he had permission to be with the children and that he and White exchanged words, but that he just had hand surgery and was unable to fight with White.
The trial court found appellant guilty as charged in the Information.
While the trial court properly inquired into the asserted conflict, there existed a prejudicial conflict of interest where the former client is also a victim. See § 27.53(3), Fla.Stat. (1999) (courts have the discretion to conduct a review when a conflict of interest has been asserted by the defender); Valle v. State, 763 So.2d 1175 (Fla. 4th DCA 2000).
We must reverse based on Valle v. State, 763 So.2d 1175 (Fla. 4th DCA 2000). In Valle, the public defender moved to withdraw because of a conflict, in a manslaughter case, in which two state witnesses, who received injuries as passengers in appellant’s vehicle, were previously represented by the public defender’s office. One witness had been represented by the public defender on a 1998 case which had been recently closed. This court held that the trial court should have granted the motion to withdraw and that the trial court’s attempt to solve the problem of the conflict by ordering the assistant public defender not to look into the files of the witnesses/victims, was not an acceptable solution. See id. at 1178. The appellant had an interest in discrediting the testimony of the alleged victim and that alleged victim had an interest in seeking retribution against appellant. See id.
Likewise, in Rodriguez v. State, 767 So.2d 621 (Fla. 4th DCA 2000), the public defender moved to withdraw because of the office’s prior representation of the victim in 1995 and 1997. The trial court held that because the assistant public defender did not herself represent the victim and had not gained any confidential information about him in the prior representation, there was no actual conflict and denied the motion to withdraw. See id. at 621.
This court quashed the order based on Valle and noted that where the former client is a victim, he will have an interest in seeking retribution against the appellant and the appellant will have an interest in discrediting the alleged victim. Because the interests are adverse, the public defender’s office is faced with a conflict of interest. See id.; see also Bedford v. State, 765 So.2d 846 (Fla. 4th DCA 2000)(public defender’s prior representation of a victim created a conflict of interest warranting withdrawal); Douglas v. State, 758 So.2d 1285 (Fla. 4th DCA 2000) (quashing order of the trial court denying public defender’s motion to withdraw when the public defender’s office represented the victim in a 1998 prosecution for public assistance fraud).
In this case, as in Valle, there clearly exists a conflict between appellant and the victim, where the public defender previously represented the victim in two felony cases in 1994 and 1997. Here, the parties were in fact hostile toward one another, with White exhibiting extreme resentment over appellant seeing the children that White now takes care of. Further, the trial court’s attempt to resolve the conflict by ordering that the assistant public defender refrain from reviewing White’s files was an unacceptable solution. Accordingly, the trial court’s order denying the motion to withdraw must be vacated and conflict-free counsel appointed to represent appellant on re-trial.
REVERSED AND REMANDED.
STONE and FARMER, JJ., concur.